(143 App. Div. 251.)

PEOPLE v. MILLER.

(Supreme Court, Appellate Division, First Department. March 17, 1911.)

1. STATUTES (§ 235*)—CONSTRUCTION.

Statutes which are merely declaratory of the common law are to be construed as near to the reason and rule of the common law as may be.

[Ed. Note.—For other cases, see Statutes, Dec. Dig. § 235.*]

2. INDICTMENT AND INFORMATION (§ 189*)—LESSER OFFENSES—STATUTES—CONSTRUCTION—"NECESSARILY INCLUDED."

Code Cr. Proc. § 444, provides that on an indictment for crime consisting of different degrees the jury may find defendant not guilty of the crime charged in the indictment, and guilty of any degree inferior thereto, or of an attempt to commit the crime. Section 445 provides that in all other cases defendant may be found guilty of any crime the commission of which is necessarily included in that with which he is charged in the indictment. Penal Law (Consol. Laws, c. 40) § 404, provides that a person who with intent to commit a crime therein breaks and enters a building, etc., is guilty of burglary in the third degree. Section 405 provides that a person who, under circumstances or in a manner not amounting to a burglary, enters a building or any part thereof, with intent to commit a felony, or a larceny or any malicious mischief, is guilty of a misdemeanor. *Held*, that the words "necessarily included" in said section 445 should not be so construed as to require that the lesser offense for which a conviction may be had must be so included in the statutory definition of the crime for which defendant is indicted, but it suffices that the acts constituting the lesser crime be charged in the indictment and duly proven, and hence one charged with burglary in the third degree may be convicted of an unlawful entry with intent to commit a larceny, where the indictment charges the commission of all the acts necessary to establish the latter crime.

[Ed. Note.—For other cases, see Indictment and Information, Cent. Dig. §§ 582–595; Dec. Dig. § 189.*]

3. INDICTMENT AND INFORMATION (§ 59*)—SUFFICIENCY—NAME OF CRIME.

Under Code Cr. Proc. § 275, requiring an indictment to contain a plain and concise statement of the act constituting the crime without unnecessary repetition, that the name of the crime is incorrectly stated in the accusatory part of the indictment is immaterial if the specific allegations of fact are sufficient, since the latter in such case control the character of the crime presented by the indictment.

[Ed. Note.—For other cases, see Indictment and Information, Cent. Dig. §§ 180, 181; Dec. Dig. § 59.*]

Appeal from Court of General Sessions, New York County.

John Miller, alias John Peters, was convicted of crime, and, from an order arresting judgment, the People appeal. Reversed.

Argued before CLARKE, McLAUGHLIN, SCOTT, MILLER, and DOWLING, JJ.

Robert S. Johnstone, for the People.

Lorlys Elton Rogers, for respondent.

SCOTT, J. Appeal by the people of the state of New York from an order of the Court of General Sessions of the Peace in and for the County of New York arresting a judgment of conviction of the above-named defendant of the crime of unlawfully entering a building with intent to commit a larceny therein. The defendant was in-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

dicted for the crimes of burglary in the third degree, grand larceny, and receiving stolen goods; each being charged as a second offense. At the close of the entire case, the court, on the defendant's motion, withdrew from the consideration of the jury the charge of burglary, grand larceny, and receiving stolen property as charged in the indictment, but submitted the case to the jury with instructions that defendant might be found guilty of an attempt to commit petit larceny or of an unlawful entry, both as a second offense. The defendant objected to the submission of the crime of unlawful entry on the ground that it was no degree of burglary, was a separate and distinct offense, and was not a crime the commission of which was necessarily included in that with which he was charged in the indictment. The court overruled the objection, and the defendant excepted. The jury convicted the defendant of the crime of unlawfully entering a building with intent to commit a larceny therein, as a second offense. Thereupon a motion in arrest of judgment was made, and the order appealed from was entered. There are two sections of the Code of Criminal Procedure permitting a conviction for a lesser crime than that charged in an indictment. They read as follows:

"Sec. 444. Upon an indictment for crime consisting of different degrees the jury may find the defendant not guilty of the crime charged in the indictment, and guilty of any degree inferior thereto, or of an attempt to commit the crime. * * *

"Sec. 445. In all other cases the defendant may be found guilty of any crime the commission of which is necessarily included in that with which he is charged in the indictment."

These two sections were not enacted with any purpose to introduce a new rule of criminal law, but were both declaratory of the rule which had always obtained at common law, which was that the prosecution never was allowed to fail because all the alleged facts and circumstances were not proved, if such as were proved made out a crime, though of an inferior degree. As was said by Judge Denio in Dedieu v. People, 22 N. Y. 178:

"It was a well-established principle (at common law) that when an offense was increased in grade, or as to the measure of punishment by the existence of particular circumstances or by a special intent on the part of the accused, and an indictment was found setting forth the circumstances or intent which rendered the act more highly criminal, if the prosecution failed to prove that part of the case, it was still entitled to a conviction for the simple offense, and the unproved allegations were not allowed to prejudice the case proved. They were regarded as surplusage." Peo. v. Jackson, 3 Hill, 92; Peo. v. Snyder, 2 Parker, Cr. R. 23; Peo. v. McDonald, 49 Hun, 67, 1 N. Y. Supp. 703.

Section 444 was first enacted (in slightly different form) in the Revised Statutes of 1829 (2 Rev. St. p. 702, § 27). As explained in Dedieu v. People, supra, it was adopted, not to establish a new rule of law, but, out of "abundant caution," to insure the application of the well established common law rule to the new system of nomenclature adopted by the revisers whereby certain offenses of the same generic character were designated numerically as different degrees of the same crime. Since each of these degrees constituted a separate crime, it was apprehended that it might be claimed that a person indicted of one degree of crime could not be convicted of any other, although

it should be an inferior degree of the same generic crime. If it had been so held, it would have produced an inconvenience which had not existed at common law.

Section 445 was first enacted with statutory form in the present Code of Criminal Procedure; but it, too, was simply a declaration of the rule which had always prevailed at common law.

Being merely declaratory of the common law, these statutes are to be construed as near to the rule and reason of the common law as may be (Sutherland on Statutory Const. § 290), and we are not to limit or lessen their application because, for convenience of codification, the rule has been stated in two sections instead of one. There is therefore no force in the suggestion that section 445 is applicable only to offenses not divided into degrees; that to such offenses only section 444 is applicable; and that under it a conviction can be had only for the crime charged or of one of the inferior "degrees" thereof and not a misdemeanor consisting of some of the elements going to make up the crime charged. Such was not the common-law rule in this state (see cases cited, supra) and the statute, as we consider, has not changed the common law in this regard, and, as has been said, the enactment of the rule in statutory form was not designed to limit its application. The learned district attorney argues, with much plausibility and force, that the defendant's conviction may be upheld under both of the sections above quoted, maintaining that the misdemeanor known as unlawful entry is in effect an inferior degree of the generic offense of burglary, and is included in the Penal Law (Consol. Laws, c. 40) in article 38, entitled "Burglary." Hence it is said that section 444 is applicable. However this may be—and we do not pass upon the contention now—we prefer to rest our decision upon what we deem the safer and surer ground that the conviction can certainly be upheld under section 445.

The crime of burglary in the third degree for which defendant was indicted is thus defined:

"A person who (1) with intent to commit a crime therein breaks and enters a building, or a room or any part of a building * * * is guilty of burglary in the third degree." Penal Law, § 404.

The crime of which the defendant was convicted is thus defined:

"A person who, under circumstances or in a manner not amounting to a burglary enters a building or any part thereof, with intent to commit a felony, or a larceny or any malicious mischief is guilty of a misdemeanor." Penal Law, § 405.

It will be observed that there are two important differences in these definitions. So far as concerns the commission of the act, a breaking as well as an entry is necessary to constitute the crime of burglary, while entry alone is sufficient for the misdemeanor. As to the intent with which the act is done, however, the definition of the misdemeanor is narrower than that of the felony. For the latter it is sufficient if the intent be to commit any crime, while to constitute the misdemeanor the intent must be to commit one of the crimes mentioned in section 405. Consequently there may well be cases wherein the elements necessary to establish the crime of burglary in the third

degree, outside of the breaking would not suffice to constitute an unlawful entry, because the intent of the entry, while criminal, would not be to commit one of the crimes specified in section 405. And this suggests the principal question raised by the appeal, and that is whether the words "necessarily included," in section 445, Code Crim. Proc., should be so construed as to require that the lesser offense for which a conviction may be had must be so included in the statutory definition of the crime for which the defendant is indicted, or must be included in the acts set forth in the indictment as constituting the crime with which the defendant is charged. If the former construction be the true one, and the acts constituting the lesser crime must be found in the statutory definition of the greater one, it is manifest that a defendant who has been indicted for burglary in the third degree can never be convicted of an unlawful entry not only because an intent to commit any crime will not sustain a charge of unlawful entry, while it will sustain a charge of burglary, but also because burglary in the third degree may also be predicated, under subdivision 2 of section 404, upon acts which do not include an entry at all, but a breaking out after the commission of a crime.

On the other hand, if the latter construction be adopted, and it is sufficient that the acts constituting the lesser crime be charged in the indictment and duly proven, a defendant charged with the crime of burglary in the third degree may be convicted, as this defendant was, of an unlawful entry. In this view the form of the indictment becomes of the first importance. The conviction in the present case was had under this construction of the statute, and does charge the defendant with the commission of all the acts necessary to establish the crime of which he was convicted.

It alleges as follows:

That the defendant "with force and arms, a certain building, to wit, the building of one Louis A. Fehr there situate, feloniously [and burglariously] did [break into and] enter, with intent to commit some crime therein, to wit, with intent the goods, chattels and personal property of the said Louis A. Fehr in the said building, then and there being, then and there feloniously [and burglariously] to steal, take and carry away, against the form of the statute, etc. * * * "

Disregarding the words in brackets, which serve to distinguish the charge as one of burglary, there remains an adequate and complete description of the misdemeanor, including an entry with intent to commit a larceny. We are of the opinion that it is sufficient to sustain a conviction for the lesser offense if the acts constituting it are necessarily included in the acts charged in the indictment as constituting the graver offense. An indictment must contain "a plain and concise statement of the act constituting the crime without unnecessary repetition." Code Crim. Proc. § 275. And it is of no moment if the name of the crime be incorrectly stated in the accusatory clause of the indictment, if the specific allegations of fact are sufficient, for the latter in such case control the character of the crimes presented by the indictment. Peo. v. Sullivan, 4 N. Y. Cr. R. 193. It is the acts charged which constitute the crime. Peo. v. Seeley, 105 App. Div. 149, 93 N. Y. Supp. 982; Peo. v. Peckens, 153 N. Y. 576, 47

N. E. 883. The purpose of requiring the acts to be set forth in the indictment is that the accused may know what he is called upon to meet, and if no more is proved against him than is so charged, even if all be not proven, and the acts which are proved constitute a lesser crime than that for which he was indicted, no injustice is done if he be convicted of the lesser charge. Speaking of section 445, Code Crim. Proc., it was said in Peo. v. McDonald, 49 Hun, 67, 1 N. Y. Supp. 703:

"Under this rule the accused party cannot be surprised upon this trial, for the people cannot prove any fact not alleged, nor can he be convicted of any crime that the facts proved do not establish."

In Dedieu v. People, supra, Judge Denio thus explains the application at common law of the rule now incorporated in sections 444 and 445, Code Crim. Proc.:

"In all these cases the indictment includes a true description of the acts done, and all the minor circumstances defining the minor offense, and it adds to these the further circumstances which, if proved, would raise the offense to the higher grade. Now, if the latter are not proved there is as yet no variance. So far as the proof goes it conforms to the allegations. Simply the whole indictment is not proved, but the principle applies, that it is enough to prove so much of the indictment as shows that the defendant has committed a substantial crime therein specified."

The application of the rule respecting a conviction for a lesser crime than that charged is well illustrated in some of the cases in which the rule has been held not to apply, in each of which it will be found upon examination that the indictment failed to charge the acts necessary to establish the minor offense, and it was for this reason that it was held that no conviction of the lesser crime could be had. Dedieu v. Peo., supra; Peo. v. Meegan, 104 N. Y. 529, 11 N. E. 48. Our conclusion is that a defendant may be found guilty of any crime the commission of which is necessarily included in the acts stated in the indictment as constituting the crime with which he is charged therein. This we understand to have been the rule at common law of which the sections we have quoted from the Code of Criminal Procedure are merely declaratory.

The order appealed from must be reversed, and the judgment upon the defendant carried into effect. All concur.