# COURT OF APPEALS,

## May 25, 1915.

# THE PEOPLE ex rel. CHARLES BULLOCK v. JOHN HAYES, AS WARDEN.

### (215 N. Y. 172.)

(1.) HABEAS CORPUS—RELATOR ENTITLED TO HAVE QUESTION AS TO JEOPARDY A SECOND TIME, DETERMINED UPON.

Where on the trial of an indictment for manslaughter the jury disagrees and subsequently the defendant is indicted for murder in the first degree because of the same homicide and taken into custody, he is entitled to have decided in habeas corpus proceedings the question whether he would be placed in jeopardy a second time if tried under the second indictment.

(2.) SAME.

The relator was not, however, so placed in jeopardy by reason of his trial upon the first indictment for manslaughter, resulting in a disagreement and necessary discharge of the jury, that such trial is a bar to his trial under the new indictment.

People ex rel. Bullock v. Hayes, 32 N. Y. Crim. Rep. 180, affirmed.

APPEAL from an order of the Appellate Division of the Supreme Court in the second judicial department, entered March 5, 1915, which affirmed an order of Special Term dismissing a writ of habeas corpus and remanding the relateor to custody.

The facts, so far as material, are stated in the opinion.

*Robert H. Elder* and *Otho S. Bowling* for appellant.

By reason of the proceedings had under the indictment for manslaughter relator was put in jeopardy for the offense charged in the murder indictment. Therefore, a trial under

the latter indictment would be in violation of the Constitution. (N. Y. Const. art. 1, § 6; People ex rel. Stabile v. Warden, 202 N. Y. 138; People v. Palmer, 109 N. Y. 413; Conner v. Clair, 7 Allen, 525; People v. Hughes, 41 Cal. 234; Barron v. Baltimore, 7 Pet. 243.) Habeas corpus is relator's proper remedy. (People ex rel. Stabile v. Warden, 202 N. Y. 138; 139 App. Div. 488; Hans v. Nielson, 131 U. S. 176.)

*James C. Cropsey, District Attorney (Hersey Eggington* and *Harry G. Anderson* of counsel), for respondent.

The petitioner was not placed in jeopardy by reason of his trial upon the indictment for manslaughter followed by the disagreement and lawful or necessary discharge of the jury. (People ex rel. Stabile v. Warden, 202 N. Y. 138; People v. McGrath, 202 N. Y. 445; People v. Smith, 172 N. Y. 210; United States v. Perez, 9 Wheat, 579; People v. Goodwin, 18 Johns. 187; People v. Olcott, 2 Johns. Cas. 301; People v. Reagle, 60 Barb. 527; People v. Green, 13 Wend. 55; Dreyer v. Illinois, 187 U. S. 71; People v. Palmer, 109 N. Y. 413.) The question of former jeopardy is an issue, like that of innocence or guilt, arising upon the indictment, which issue must be disposed of in the trial court upon a common-law trial of all the issues, under a defendant's appropriate pleas. That question cannot be determined in another court, in which the indictment has not been found and is not pending, in the purely collateral proceeding of habeas corpus. (People ex rel Danziger v. P. E. House of Mercy, 128 N. Y. 180; People ex rel. Van Riper v. N. Y. C. Protectory, 106 N. Y. 604; People ex rel. Smith v. Van de Carr, 86 App. Div. 9; People ex rel. Moore v. Holmes, 151 App. Div. 257; People v. Bradner, 107 N. Y. 1; People ex rel. Forsyth v. Court of Sessions, 141 N. Y. 288, 292; People v. Rosenthal, 197 N. Y. 394; People v. Fisher, 14 Wend. 9; People v. Bissert, 71 App. Div. 118; 172 N. Y. 643; People v. Glen, 173 N. Y. 395; People v. Sexton, 187 N. Y. 495.)

PER CURIAM:

The relator killed his wife and was indicted for manslaughter. On the trial under this indictment the jury disagreed. Subsequently he was indicted for murder in the first degree because of the same homicide and taken into custody. This writ was then sued out on the ground that the trial under the indictment for manslaughter placed him in jeopardy and that, therefore, he could not be tried on the present indictment, which has superseded the former one, without being placed in jeopardy a second time.

On the appeal two questions were presented. The first one was the one just suggested whether the trial under the first indictment amounted to so placing the relator in jeopardy that he could not be tried again under the present indictment based on the same offense. The second question was whether the first question could be raised in proceedings on habeas corpus.

We think that the relator was entitled to have decided in habeas corpus proceedings the question whether he would be placed in jeopardy a second time if tried under the second indictment charging him with murder. (People ex rel. Stabile v. Warden, etc., 202 N. Y. 138, 26 N. Y. Crim. 108.)

We do not think, however, that the relator was so placed in jeopardy by reason of his trial upon the first indictment for manslaughter and which resulted in a disagreement and necessary discharge of the jury, that such trial is a bar to his trial under the present indictment.

In accordance with these views the order appealed from should be affirmed.

HISCOCK, COLLIN, CUDDEBACK, HOGAN, CARDOZO and SEABURY, JJ., concur; WILLARD BARRLETT, Ch. J., absent.

Order affirmed.