THE PEOPLE OF THE STATE OF NEW YORK ex rel. CHARLES TICINETO, Appellant, *v.* SIDNEY W. BREWSTER, Warden of the Seventh District Prison, at 317 West Fifty-third Street, New York City, and Another, Respondents.

First Department, June 21, 1934.

*Irving H. Saypol* of counsel [*Leo Kotler* with him on the brief; *Irving H. Saypol*, attorney], for the appellant.

*Felix C. Benvenga, Assistant District Attorney*, of counsel [*Philip A. Donahue, Deputy Assistant District Attorney*, with him on the brief; *William Copeland Dodge, District Attorney*], for the respondents.

UNTERMYER, J. This appeal is here on an agreed statement of facts.

The relator was arrested on March 31, 1934, charged with disorderly conduct in violation of the Penal Law, section 722, subdivision 2. The disorderly conduct consisted of an alleged assault upon one Kathleen McCarthy, committed on March 31, 1934, at No. 514 West Fifty-first street. After hearing the testimony the magistrate before whom the charge was tried acquitted the relator, stating that he entertained a reasonable doubt that the relator had committed the offense.

On April 7, 1934, the relator was again arrested charged with assault upon the same person committed at the same time and place. A hearing was thereupon held before another magistrate at which witnesses testified substantially to the same effect as on the previous charge of disorderly conduct. The People then rested and the relator, without offering proof, secured a writ of habeas corpus on the ground that his arrest and detention were in violation of his constitutional right not to be twice placed in jeopardy for the same offense. At the hearing on the writ the justice at Special Term dismissed the writ " without prejudice to an application after the disposition of the proceeding now pending before the magistrate."

We think it is clear that the relator is subjected to double jeopardy. He was previously acquitted of disorderly conduct by a tribunal with jurisdiction to acquit or convict him of that offense for the same acts in respect of which he is now in custody on a charge of assault. (*People* v. *Goldfarb*, 152 App. Div. 870; affd., 213 N. Y. 644.)

The People contend, however, that the relator cannot raise the question of double jeopardy by habeas corpus while the proceedings on the charge of assault are pending undetermined before the magistrate. It is not denied that habeas corpus would have been the appropriate remedy when the relator was arrested on the second charge (*People ex rel. Stabile* v. *Warden, etc.*, 202 N. Y.

138; *People ex rel. Bullock* v. *Hayes*, 215 id. 172; *People ex rel. Perkins* v. *Moss*, 187 id. 410), and that it will be the proper remedy if the magistrate shall conclude to hold him to answer. (*People* v. *Goldfarb, supra.*) But it. is asserted that the relator's right to raise the question of double jeopardy by writ of habeas corpus cannot be exercised until the termination of those proceedings.

We see no reason to hold that the relator's right to invoke the remedy of habeas corpus against illegal detention is suspended during the hearing before the magistrate. The writ is directed against all those who, without warrant of law, are holding him in custody to answer for an offense of which he has been once acquitted. That detention is unlawful as long as it continues and regardless of the condition of the proceedings pending before the magistrate. It is as unlawful during the pendency of those proceedings as it was when the defendant was arrested, or as it will be if the magistrate shall eventually decide that he be held. The relator did not need to await the termination of the proceedings before the magistrate, but was entitled to immediate relief by habeas corpus.

The order should be reversed, the writ sustained, and the relator discharged.

FINCH, P. J., MERRELL, MARTIN and O'MALLEY, JJ., concur.

MARTIN, J. (concurring). I agree that the writ must be sustained. I am unable, however, to understand why this defendant was acquitted of the charge of disorderly conduct in view of the fact that there was a positive identification of the defendant and corroboration of the testimony of the complainant. If the court had the doubt stated, in a case of such importance there should have been an adjournment for the production of additional testimony and an investigation of the defendant's testimony, which investigation would have established the truth or falsity thereof.

FINCH, P. J., and MERRELL, J., concur.

Order reversed, the writ sustained and the relator discharged from custody.