THE PEOPLE OF THE STATE OF NEW YORK ex rel. JOHN POULOS and MICHAEL CARAS, Relators, against THOMAS McDONNELL, as Warden of City Prison, Defendant.

Supreme Court, Special Term, Kings County, March 23, 1950.

*Milton I. Weintraub* for relators.

*Miles F. McDonald, District Attorney (David Dimand* of counsel), for defendant.

LIVINGSTON, J. This is a habeas corpus proceeding wherein the relators contend that they are being unlawfully detained and seek their discharge from imprisonment.

The relators were indicted by a Grand Jury of Kings County on three counts: (I) attempted rape in the first degree, (II) assault in the second degree with intent to commit rape, (III) assault in the second degree with intent to inflict grievous bodily harm with their hands and fists.

At the trial in the County Court of Kings County, at the end of the People's case, upon motion of the relators, the court dismissed the charge of attempted rape in the first degree.

The case was submitted to the jury on the second and third counts and the court also charged the jury, in accordance with statute (Code Crim. Pro., § 444; Penal Law, § 610), that they might find the defendants guilty of assault in the third degree, viz.: '' Now, Mr. Foreman, your verdict will be either guilty of assault with intent to commit rape, which is assault in the second degree, or guilty of assault with intent to inflict grievous bodily harm, which is assault in the second degree, or assault in the third degree, which is an indecent assault, a misdemeanor, or not guilty of any crime.''

The jury returned to the courtroom and reported that they found the defendants '' not guilty '' on the count charging assault with intent to inflict grievous bodily harm, but were unable to agree on the charges of assault with intent to commit rape and assault in the third degree. The court polled the jury and accepted the verdict of '' not guilty '' of assault with intent to inflict grievous bodily harm. After further interrogating the jury, the court instructed it to try to reach some agreement with respect to the count which charges assault with intent to commit the crime of rape, and also with respect to assault in the third degree.

The jury again retired and thereafter returned with a verdict of '' not guilty '' of the charge of assault with intent to commit rape but disagreed as to assault in the third degree. The jurors were polled on their '' not guilty '' verdict, and that was accepted. Then, after ascertaining that the jurors could not agree upon a verdict as to assault in the third degree, the court declared a disagreement with '' respect to the count of assault in the third degree as charged by the Court.''

The defendants then moved for a discharge on all three counts of the indictment. The court denied the motion and held: '' The Court rules there is still pending before the court a charge of assault in the third degree, which is included within the crimes charged in the indictment by virtue of the Code of Criminal Procedure.''

Relators' present detention is by virtue of separate orders of commitment directing the warden of Kings County jail to detain them in his custody " For Assault — 3rd Degree " with bail fixed at $5,000, and as the return indicates, " For further trial in the said County Court Brooklyn."

The relators urge (1) their detention for assault third degree is unlawful since there is no valid pending charge against them; (2) that they cannot now be tried again upon the indictment of which they were acquitted for that will subject them to double jeopardy; (3) another trial would be in violation of section 32 of the Penal Law, which provides as follows: " Where a prisoner is acquitted or convicted, upon an indictment for a crime consisting of different degrees, he cannot thereafter be indicted or tried for the same crime, *in any other degree,* nor for an attempt to commit the crime so charged, or any degree thereof." (Italics supplied.)

The District Attorney contends that because the court charged the jury that they could convict the relator of third degree assault, which was included within the crimes charged by the indictment, the disagreement by the jury left one of the assault counts contained in the indictment undecided.

The question here involved is a perplexing one and does not appear to have been passed upon by the courts of this State. Counsel have submitted no case bearing upon this specific problem and the court has found no reported case directly in point. However, there are related decisions which point the way for the court's determination.

In cases involving a plea of double jeopardy the courts have consistently resolved any doubt in favor of the defendant.

In *People ex rel. Meyer* v. *Warden* (269 N. Y. 426), the relator was arrested, charged with disorderly conduct. His trial was started before a police justice and a jury on Saturday and completed on Sunday. He was found guilty and sentenced on Sunday. He applied for a writ of habeas corpus and was released. He was again charged with the same offense and applied for a second writ of habeas corpus on the ground that a new trial would subject him to double jeopardy. The Court of Appeals held (p. 430) : " In the case at bar the trial started on Saturday, the court had jurisdiction, the proceeding was regular and the defendant was in jeopardy. The fact that thereafter the court lost jurisdiction by holding over into Sunday did not change the fact that the defendant had been placed in jeopardy."

In the case of *People ex rel. Stabile* v. *Warden,* (202 N. Y. 138) after a jury upon a murder trial had deliberated less than five hours, the trial judge arbitrarily declared a disagreement without the jury requesting it or counsel consenting thereto. It was held that defendant could not thereafter be tried again for the same offense.

In *People ex rel. Blue* v. *Kearney* (181 Misc. 981, affd. 292 N. Y. 679), in the midst of a trial on an indictment charging manslaughter in the first degree, the County Judge, pursuant to section 400 of the Code of Criminal Procedure, discharged the jury, suspended all proceedings and directed the District Attorney to resubmit the subject matter of the indictment to the Grand Jury on the ground that the facts proved that relator should have been indicted for at least murder in the second degree, if not first degree. Thereafter relator was indicted for murder in the first degree based on the precise incident which supported the first indictment. It was held that relator was put in jeopardy by the first trial and should be discharged on writ of habeas corpus.

In the case at bar, it is the opinion of this court that the acceptance of the verdict of " not guilty " of count III of the indictment amounted to an acquittal of the relators not only of the crime charged in said count, but of every degree of that crime pursuant to section 32 of the Penal Law. Having been acquitted of the crime of assault, second degree, the relators can no longer be prosecuted for assault, third degree, arising out of the same incident. (See *People* v. *Rodgers,* 184 App. Div. 461, 462; affd. 226 N. Y. 671; *People ex rel. Ticineto* v. *Brewster,* 241 App. Div. 467, 468.) To do so would unlawfully subject them to a second prosecution for a crime for which they have once been prosecuted and duly acquitted (N. Y. Const., art. I, § 6; Code Crim. Pro., §§ 9, 341; *People ex rel. Stabile* v. *Warden,* 202 N. Y. 138, *supra,* affg. 139 App. Div. 488; *People* v. *McGrath,* 202 N. Y. 445; *People ex rel. Bullock* v. *Hayes,* 215 N. Y. 172, affg. 166 App. Div. 507; *People* v. *Goldfarb,* 152 App. Div. 870, 874, affd. 213 N. Y. 664).

This conclusion is strengthened when section 32 of the Penal Law is considered in connection with other statutes *in pari materia* (see Code Crim. Pro. § 444, Penal Law § 610), and in the light of the history of these statutes.

Section 32 of the Penal Law is derived from the Revised Statutes of 1829 (see 2 Rev. Stat. of New York [2d ed.], p. 586, part IV, ch. I, tit. VII, § 28). It follows, in point of order, the

provisions in the Revised Statutes from which stem section 444 of the Code of Criminal Procedure and section 610 of the Penal Law (2 Rev. Stat. of New York [2d ed.], p. 586, part IV, ch. I, tit. VII, § 27). These latter sections provide in substance that, upon an indictment for a crime consisting of different degrees, the jury may convict the defendant of the crime charged, or find him not guilty of the degree charged, or guilty of any degree inferior thereto, etc. These sections were enacted in the Revised Stautes simultaneously. Indeed, section 32 of the Penal Law, is a companion statute to, and supplements the provisions of, sections 444 and 610.

Being *in pari materia,* these statutes should not only be construed together (Black on Construction and Interpretation of Laws [2d ed.], § 104, p. 331), but should be considered in the light of these circumstances: That, at common law, there were no degrees of crime; that the division of crime into degrees was introduced by the Revised Statutes (*Dedieu* v. *People,* 22 N. Y. 178, 183), and that the statutes are declaratory of the common law (*People* v. *Jackson,* 3 Hill 92, 93–94; *People* v. *Saunders,* 4 Park, Cr. Rep. 196, 198–199; *People* v. *Miller,* 143 App. Div. 251, 253; affd. 202 N. Y. 618). These circumstances are specifically mentioned by the revisers (see Revisers' Reports and Notes, 3 Rev. Stat. of New York [2d ed.], p. 836, part IV, ch. I, tit. VII, §§ 28, 29). Their reports and notes may, of course, be considered in determining the intention of the Legislature (Black on Construction and Interpretation of Laws [2d. ed.], § 96, p. 308).

In this connection, the difference between section 28 of the Revised Statutes and section 32 of the Penal Law, as originally proposed and as finally enacted, is pointed out by the revisers (see Revisers' Reports and Notes, 3 Rev. Stat. of New York [2d ed.], p. 836, part IV, ch. I, tit. VII, § 29). It appears that, as originally enacted, the section read as follows, and included the bracketed portions: " When a defendant shall be acquitted or convicted upon any indictment for an offense, consisting of 'different degrees, as prescribed in this Chapter, he shall not thereafter be tried or convicted for a different degree of the same offense [inferior to that of which he was acquitted] ; nor shall he be tried or convicted for any attempt to commit the offense charged in the indictment, or to commit any [inferior] degree of such offense."

As finally enacted, the words in brackets were deleted by the Legislature (see Revisers' Reports and Notes, 3 Rev. Stat. of

New York [2d ed.], p. 836, part IV, ch. I, tit. VII, § 28). Moreover, the difference between the provision as enacted in the Revised Statutes and as it now appears should be noted. The provision in the Revised Statutes prohibits a second prosecution " for a different degree of the *same* offense "; while present section 32 of the Penal Law prohibits a second prosecution " for the *same* crime, *in any other degree.*" (Italics supplied.) If anything, the language of section 32 is more emphatic.

Reading these statutes together, particularly in the order in which they appeared in the Revised Statutes, and in the light of their history, the purpose and intent of the Legislature becomes quite apparent. It was (1) to permit the jury, upon the trial of an indictment for a crime consisting of different degrees, to convict the defendant of the crime charged or find him not guilty of the degree charged and guilty of any degree inferior thereto (Code Crim. Pro. § 444; Penal Law, § 610; 2 Rev. Stat. of New York [2d ed.], p. 586, part IV, ch. I, tit. VII, § 27); and (2) to bar a second prosecution " for the *same* crime " in *any* degree (Penal Law, § 32; 2 Rev. Stat. of New York [2d ed.], p. 586, part IV, ch. I, tit. VII, § 28) — whether the degree charged in the indictment or otherwise.

Bearing in mind that these statutes are but declaratory of common-law principles, the conclusion would seem inevitable that, just as at common law, an acquittal or conviction of assault or of any other crime bars a second prosecution, so under section 32 of the Penal Law, an acquittal or conviction of assault, or of any other crime consisting of different degrees, is a bar to second prosecution for the same crime in any of its degrees.

It would seem, therefore, that the fact that the jury were unable to agree on whether the relators were guilty of assault in the third degree is of no consequence. The acceptance by the court of the verdict of " not guilty " of assault in the second degree was tantamount, in the opinion of this court, not only to an acquittal of assault in the second degree, but also of assault in the third degree. The relators cannot again be prosecuted for any such assault in any of its degrees; they cannot be twice troubled with the selfsame indictment.

The writ is accordingly sustained and the relators are discharged. Settle order.