THE PEOPLE OF THE STATE OF NEW YORK ex rel. JOHN POULOS et al., Respondents, against THOMAS McDONNELL, as Warden of the City Prison, Respondent. THE PEOPLE OF THE STATE OF NEW YORK, Appellant.

Argued October 12, 1950; decided January 11, 1951.

*Miles F. McDonald*, District Attorney (*David Diamond* of counsel), for appellant. I. The charge of assault in the third degree is still pending before the County Court. (Code Crim. Pro., § 444; *People* v. *Miller*, 143 App. Div. 251; *People* v. *Willson*, 109 N. Y. 345; *People* v. *Murch*, 263 N. Y. 285.) II. A retrial of relators on the charge of assault in the third degree upon which the jury disagreed would not contravene section 32 of the Penal Law. (*People ex rel. Chalmers* v. *Foster*, 272 App. Div. 236.)

*Milton I. Weintraub* for respondents. I. A second trial will subject relators to double jeopardy. (*People ex rel. Stabile* v. *Warden of City Prison*, 202 N. Y. 138; *People* v. *Rodgers*, 184 App. Div. 461, 226 N. Y. 671; *People ex rel. Ticineto* v. *Brewster*, 241 App. Div. 467; *People* v. *Murray*, 168 Misc. 737.) II. A second trial would be in violation of section 32 of the Penal Law. (*People* v. *Wein*, 196 App. Div. 368; *People* v. *Sullivan*, 173 N. Y. 122; *People* v. *McCarthy*, 110 N. Y. 309; *Matter of Rathscheck*, 300 N. Y. 346; *Matter of Bartholomew*, 106 App. Div. 371; *People* v. *Brockett*, 85 Hun 138; *People* v. *Murch*, 263 N. Y. 285; *Dedieu* v. *People*, 22 N. Y. 178; *People* v. *Miles*, 289 N. Y. 360; *People* v. *Gold*, 268 App. Div. 817.)

FROESSEL, J. Relators were indicted by a grand jury of Kings County on three counts:

1. Attempted rape in the first degree;

2. Assault in the second degree with intent to commit rape, and

3. Assault in the second degree with intent to inflict grievous bodily harm.

At the trial, the court dismissed the first count at the end of the People's case. The jury acquitted relators of counts 2 and 3. Their counsel thereupon moved for their discharge " on all three counts of the indictment ", which motion was denied upon the ground that " there is still pending before the Court a charge of assault in the third degree, which is included within the crimes charged in the indictment by virtue of the Code of Criminal Procedure." Counsel duly excepted, pointing out to the court that " there is no information before your Honor and no indictment on assault in the third degree." The relators were remanded " for recall for trial when directed " and bail fixed at $5,000 for each. Habeas corpus proceedings at Special Term were thereupon promptly instituted by relators by reason of their unlawful detention, and after a hearing, the writ was sustained and relators were discharged; the Appellate, Division unanimously affirmed.

Relators contend that the trial court's ruling subjects them to double jeopardy in violation of law (N. Y. Const., art. I, § 6; Penal Law, § 32; Code Crim. Pro., § 9). We conclude, as did Special Term and the Appellate Division, that such indeed is the result.

It is the statutory as well as the common-law rule that a prosecution ought not fail for lack of proof if the crime charged is shown to have been committed in a lesser degree than charged in the indictment; in such case the jury may find a defendant guilty of the lesser degree (*Dedieu* v. *People,* 22 N. Y. 178; Penal Law, § 610; Code Crim. Pro., § 444).

In the instant case, the court charged, in accordance with the statute (Code Crim. Pro., § 444), the lesser degree, following its charge on the third count of the indictment. The jury could then have found relators guilty of assault either in the second or third degree; since they did not, but on the contrary acquitted relators of the only counts with which they were charged in the indictment, nothing was left to be tried, and their general verdict constituted a bar to any new indictment or trial " for the same crime [assault], in any other degree " (Penal Law, § 32). It was not necessary for the jury to acquit relators of assault in the third degree, with which they were not specifically charged; the statute merely *authorized* them to find relators guilty of the lesser degree.

It is of course true that an acquittal on one count of an indictment may not be deemed an acquittal on any other count (Code Crim. Pro., § 443-a); but here relators were acquitted on all counts charged in the indictment, and in consequence no charge survived. The court could not revive an indictment that had been disposed of for all purposes, nor could it usurp the functions of a grand jury by finding a new indictment.

It is also true that the indictment might have been amended by the addition of a new count, namely, assault in the third degree, had the statutory procedure been carried out (Code Crim. Pro., §§ 295-j, 295-k), in view of the fact that such count would merely be an inferior degree of the same generic crime with which they were already charged — assault (in the second degree) — or, in the words of the statute, it relates " to the transaction upon which the defendant stands indicted " (cf. *People* v. *Miles,* 289 N. Y. 360). It does not appear that this was done or even attempted, and the court in effect merely recognized that the third count would sustain a conviction in the lesser degree and charged the jury accordingly. Under such circumstances there can be no question of amendment by implication or waiver (cf. *People ex rel. Prince* v. *Brophy,* 273 N. Y. 90), and it is unnecessary to consider what might have been the effect had the indictment been amended to allege an additional count.

Section 32 of the Penal Law is clearly applicable here, and we know of no authority holding contrary to the views herein expressed. As the order appealed from is final, the question certified need not be specifically answered (Civ. Prac. Act, §§ 1262, 1268). Accordingly, the order of the Appellate Division should be affirmed. The question certified is not answered.

DYE, J. (dissenting). A majority of this court is about to decide that the writ of habeas corpus sought herein was properly issued for the reason that, in light of section 32 of the Penal Law, the lesser included count added to the indictment by the trial court could not survive the verdict of acquittal on the main charge of assault, second degree, without placing relators twice in jeopardy for the same offense (N. Y. Const., art. I, § 6). With this approach, I am unable to agree.

The trial court had undoubted statutory authority to add the lesser count of assault, third degree, and to charge the jury accordingly (Code Crim. Pro., §§ 295-j, 444). Had the jury been satisfied with the proof a verdict of conviction based on such lesser count would have been proper (Penal Law, § 610). It has always been the rule that a prosecution should not wholly fail for lack of proof to sustain the main charge if a crime in an inferior degree is made out (*Dedieu* v. *People,* 22 N. Y. 178). To say now that because of the circumstance that the jury could not agree — and so reported itself in open court — was equivalent to a verdict of acquittal as a matter of law is to allow the prosecution less latitude than it had at common law and, in effect, to nullify the legislative pronouncement in the premises (Code Crim. Pro., §§ 443-a, 444; Penal Law, § 610). Nor are any of the decisions in which the courts have inferred from the facts either an acquittal or conviction pertinent where a jury specifically records its disagreement, thus leaving no possible doubt as to its treatment of the charge submitted (cf. *People* v. *Goldfarb,* 152 App. Div. 870, affd. 213 N. Y. 664; *People ex rel. Stabile* v. *Warden of City Prison,* 202 N. Y. 138, 152; *People* v. *Dowling,* 84 N. Y. 478; *People ex rel. Ticineto* v. *Brewster,* 241 App. Div. 467).

When the trial court, as is its prerogative, proceeds in a proper case to add a lesser included degree of the same crime charged in the indictment, it is bound to so charge the jury and this is exactly what was done here. When so charged, the oral pronouncement by the court as to the inferior degree is as effective in law as a formal assertion in the body of the indictment (Code Crim. Pro., § 295; *People* v. *Sciascia,* 268 App. Div. 14, affd. 294 N. Y. 927) for it is no longer necessary, as it was at common law, to particularize each degree of each offense charged in an indictment (*People* v. *Miller,* 143 App. Div. 251, affd. 202 N. Y. 618). Therefore after the jury finds a defendant " not guilty " of the degree charged in the indictment, they are then authorized to find him guilty " of any degree inferior thereto " (Code Crim. Pro. § 444; *People* v. *Willson,* 109 N. Y. 345) thus preventing a failure of prosecution (*People* v. *Murch,* 263 N. Y. 285; cf. *People* v. *Miller, supra*).

The situation here is no different than is the expressed disagreement on one or more of the counts in a multi-count indict-

ment (Code Crim. Pro., § 443-a; *People ex rel. Chalmers* v. *Foster,* 272 App. Div. 236). By the same token a specific disagreement cannot of itself give rise to a plea of double jeopardy which necessarily involves a *retrial* for the same act and the *same crime* for which the original prosecution was instituted and which resulted in either an acquittal or a conviction (*People* v. *Silverman,* 281 N. Y. 457; *People* v. *Rodgers,* 184 App. Div. 461, affd. 226 N. Y. 671; 15 Am. Jur., Criminal Law, § 380; cf. *People* v. *Caramanica,* 276 App. Div. 1027, affd. 301 N. Y. 729). A single set of facts comprising one episode gave rise to the several counts of the indictment, all three of which had been disposed of either by ruling of the court or verdicts of the jury. One count — that added by the trial court — survived. To hold relators for retrial does not under these circumstances subject them to any additional burden within the proscription against double jeopardy (cf. *People ex rel. Bullock* v. *Hayes,* 215 N. Y. 172). They were fully apprised with what they were charged and allowed the issue to go to the jury without exception. As to the count in question, they stand in no different position than as if no trial thereof had been had.

The order appealed from should be reversed, the writ denied, and relators remanded to the custody of the warden of the city prison for trial, limited, of course, to the undetermined charge of assault, third degree.

LOUGHRAN, Ch. J., CONWAY and DESMOND, JJ., concur with FROESSEL, J.; DYE, J., dissents and votes for reversal in an opinion in which LEWIS and FULD, JJ., concur.

Order affirmed, etc.