Aron Steuer, J.
The relator after trial in the Court of Special Sessions has been found guilty of a misdemeanor involving a violation of the Multiple Dwelling Law. Relator was fined $1,000, or in default of payment, sentenced to 60 days in City Prison. Relator refused to pay and sued out this writ.
Relator raises several points all of which have to do with the jurisdiction of the court which tried him. However discussion on one of these points will, suffice for all as the applicable reasoning fits all of them. The point discussed is former jeopardy. The first question is whether habeas corpus is the appropriate remedy.
It is elementary that one confined on a judgment of conviction cannot seek release by way of habeas corpus because of errors committed during the trial (People ex rel. Carr v. Martin, 286 N. Y. 27). An exception exists where the court lacks jurisdiction. To evaluate this exception the term “ jurisdiction ” must be used in its exact sense, and not loosely. It is often stated that where a defense exists the court lacks jurisdiction. This is a misuse of the word. No court lacks the power to try an accused merely because he asserts a defense. The defense must be shown to be valid. And the court otherwise empowered to hear the cause must pass on the validity of the defense. A claimed error in the determination of the issue raised by the defense is in no different category than any other error. The remedy is by way of appeal.
Relator challenges this reasoning on the ground that the decided-eases, reach an. opposite conclusion. Although he referred *464 t.o a great body of decisions on Ms argument, examination of his brief reveals that he relies on two decisions. And they prove to be but broken reeds, though the writ was sustained in both. In People ex rel. Poulos v. McDonnell (302 N. Y. 89) the relators had been tried on an indictment naming three counts and were acquitted. The trial court directed that they be held for trial on a lesser count. It was for this incarceration that the writ was sought. In People ex rel. Ticiento v. Brewster (241 App. Div. 467) the relator had been tried for disorderly conduct and acquitted. He was rearrested for the same offense but this time it was charged as an assault. Proceedings on the second charge were actually before a Magistrate when the writ was sued out and sustained. The principle of both cases is the same. In both cases the writs had been allowed not after trial but prior to trial, and there had been no convictions. It may be argued that if habeas corpus lies before trial it is on the theory that the court cannot entertain the prosecution and that the legal disability not being curable by trial, the same relief should be available after trial. The writs referred to in the two cited cases were in the nature of prohibition but as the relators were in custody at the time habeas corpus was the only means relators had to obtain discharge from custody. The idea that former jeopardy is an exception is perhaps engendered by the rule that the validity of an indictment cannot be tested by habeas corpus in advance of trial (People ex rel. Childs v. Knott, 187 App. Div. 604). The distinction is clearly pointed up when it is understood that the relator here tried that very method to prevent the court from trying him and was unsuccessful. The limits of inquiry in habeas corpus after trial and conviction have been carefully delineated in Matter of Morhous v. New York Supreme Court (293 N. Y. 131). It is clear that the points raised are not available to petitioner on this application.
The relator was admitted to bail in the same sum as the fine imposed pending determination of the writ. The writ is now dismissed and the relator is remanded.