*771 OPINION OF THE COURT
Alan Broomer, J.
How many peremptory challenges are allotted an indicted defendant? A table is provided by statute; the number is determined by the "highest crime charged.” What if the sole and highest crime charged is legally insufficient and survives only by virtue of a viable lesser included crime? Which one determines the number, the moribund greater or the viable lesser? This is the interesting and novel question posed by this case.
BACKGROUND
The defendant was indicted for the single count of attempted robbery in the first degree. Despite its legal insufficiency, the count could not be dismissed on motion because it included a lesser count, attempted robbery in the second degree, which was supported by legally sufficient evidence.
Defendant contended the statute entitled him to 15 peremptory challenges because he was indicted for attempted robbery in the first degree. The court allowed him 10 challenges since he was to be tried only for attempted robbery in the second degree.
THE LAW
An indictment must be supported by legally sufficient evidence. If it is not, it must be dismissed.
The necessity for resubmission to another Grand Jury is avoided where a count, though legally insufficient, includes a lesser charge that is legally sufficient (CPL 210.20 [1] [b]). Under those circumstances, the indictment cannot be dismissed (People v Maier, 72 AD2d 754) and the ruling is binding on any Judge who subsequently tries the case (People v Finley, 104 AD2d 450).
The right to peremptory challenges is statutory in nature (Matter of State of New York v King, 47 AD2d 594) and is set forth in CPL 270.25 (2) which allots 15 for the crime of attempted robbery in the first degree and 10 for an attempted robbery in the second degree. Where more than one crime is charged in an indictment, the number of challenges is determined by "the highest crime charged.” The statute makes no provision for determining the appropriate number under our facts nor have any cases in point been found.
*772 DISCUSSION
It has long been the law that a defendant may properly be convicted of any crime for which he has been indicted as well as for any lesser included crime (Dedieu v People, 22 NY 178). Where the conviction is for a count expressly set forth in an indictment and that count is later reversed on appeal, a retrial can generally proceed on the same indictment.
However, where an indictment contains a single count (the greater) upon which a jury acquits, and a lesser included count (the lesser) upon which a jury either disagrees or votes a conviction, which is later reversed on appeal, that indictment is extinguished; it cannot support a new trial. It has been disposed of for all purposes and cannot be revived by any court to support a new trial (People ex rel. Poulos v McDonnell, 302 NY 89).
Three Judges dissented in McDonnell (supra). They argued for a less drastic and sweeping approach. Since the law authorized the trial court to add a lesser included count, such an addition would be "as effective in law as a formal assertion in the body of the indictment” (People ex rel. Poulos v McDonnell, supra, p 93). Thus, the indictment would survive in an amended form sufficient to resist a double jeopardy bar to a new trial. In short a new trial could be had on the old indictment, but limited to the undisposed of lesser included charge added by the trial court. Interestingly, then existing law permitted an amendment to the indictment to include expressly the lesser charge. But that was not done and the McDonnell majority refused to recognize one by implication or waiver.
McDonnell (supra) is still good law. The newer cases hold that where the greater fails to survive a verdict, "nothing remains to support” the lesser. However, resubmission to a new Grand Jury and reprosecution on the undisposed of lesser included counts in a new indictment is invariably authorized (People v Gonzalez, 61 NY2d 633; People v Beslanovics, 57 NY2d 726; People v Mayo, 48 NY2d 245; People v Contreras, 108 AD2d 627). Mayo embodies what might be described as the literal or concrete approach to the question of the continued existence of lesser included counts. There is respectable authority for the proposition that all law is abstract and courts can as easily cognize an implicit count of an indictment as one expressly memorialized. (See, People ex rel. Poulos v McDonnell, supra, dissenting opn.) Judge Titone of the Court *773 of Appeals, while sitting on the Appellate Division, dissented in People v Gonzalez (96 AD2d 847), arguing that the result commanded by Mayo imposes the needless step of dismissal and resubmission upon an already overburdened system without a compensating benefit to a defendant. Judge Titone pointed out that the Mayo result was not prescribed by the Constitution and resubmission could be avoided by the simple expedient of permitting an amendment pursuant to CPL 200.70. (See, also, People v Ivisic, 95 AD2d 307.) Doubts as to the wisdom and necessity of requiring the extra step of resubmission have also been expressed by the Third Department in People v Fudger (73 AD2d 1020) wherein that court mused (p 1021): "We would have thought that the accusation of the Grand Jury embraced all necessary included lesser offenses so that a new indictment would not be required in this situation”. However, Mayo was heeded and a new indictment was authorized.
The McDonnell-Mayo principles are now firmly embedded in our law; they cannot be waived. Even a tripartite effort at amendment will not succeed. In People v Lee (100 AD2d 357) an appellate court reversed as improper a conviction obtained on an amended indictment where the amendment was granted by the trial court upon motion of both the prosecutor and the defendant.
Pretrial situations are governed by the same legal principles applicable to posttrial ones. Following People v Mayo (supra), an indictment not supported by legally sufficient evidence in the Grand Jury would have to be dismissed on motion. Nevertheless, if the evidence adduced was sufficient to support other charges, such evidence could be brought before a new Grand Jury and a new indictment containing such other charges could properly be obtained.
Upon trial the appropriate number of peremptory challenges would be determined by the "highest crime charged” in the new indictment; the counts charged in the predecessor indictment would play no role in considering the allotted challenges, they would be completely irrelevant. The result is the same where an original indictment survives dismissal as a result of CPL 210.20 (1) (b); the greater (but legally insufficient count) plays no role in the allotment of challenges provided of course, as in the instant case, the insufficiency was intrinsic and permanent; that it was impossible to supply the missing proof at trial and that this permanent deficiency was known to all from the outset. The rule is otherwise where sufficient *774 proof, although lacking before the Grand Jury, is now available at trial. Under such circumstances the People must be permitted an opportunity to prove the hithertofore insufficient facial count, CPL 210.30 (6) so provides, changing the common-law rule (People v Jackson, 18 NY2d 516). Of course, where evidence is received to establish the higher, facial count, the allotment of challenges will be determined by that count.
CPL 210.20 (1) (b) avoids a Mayo-dictated dismissal of the indictment and a consequent resubmission to a new Grand Jury. Arguably, the result would be simpler and clearer if that section authorized the greater to succumb and pass completely out of the picture, its place taken for all purposes by the lesser. Unfortunately, Mayo’s vitality is still sufficiently potent and its commands must be read along with the words of the statute. The lesser still needs the greater "to support” it. And so it remains, like the glue on the back of a stamp, its role strictly limited to one of invisible support.
CONCLUSION
Ordinarily, a legally insufficient count of an indictment would have to be dismissed. However, CPL 210.20 (1) (b) avoids the necessity of dismissal provided the existence of a legally sufficient lesser included count. Thus, where it is factually impossible to prove the greater (as here), it remains, but only "to support” the lesser; it plays no other role in the trial. Accordingly, the number of peremptory challenges allotted by statute is determined by the "highest crime charged” that a defendant can possibly be convicted of at trial.