THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v
LAWRENCE MCGEE, Appellant.

Second Department, June 26, 1989

**APPEARANCES OF COUNSEL**

*Philip L. Weinstein (Kevin F. Casey* of counsel), for appel-
lant.

*Elizabeth Holtzman, District Attorney (Barbara D. Under-wood, Andrew J. Frisch* and *Carol Teague Schwartzkopf* of counsel), for respondent.

## OPINION OF THE COURT

Per Curiam.

On this appeal, the defendant challenges his conviction of attempted robbery in the second degree, upon a jury verdict, and his sentence to an indeterminate term of imprisonment of 2 to 6 years. None of the defendant's contentions warrant either reversal of the conviction or modification of the sentence. Nevertheless, we do find it appropriate to discuss the defendant's claim that the trial court did not allot the appropriate number of peremptory challenges to the defendant and the People during jury selection.

By a Kings County indictment, the defendant was charged with attempted robbery in the first degree (Penal Law §§ 110.00, 160.15 [4]) and possession of a toy or imitation pistol (Administrative Code of City of New York § 10-131 [g]; formerly § 436-5.0). The charges arose out of an incident which occurred on March 7, 1985 when the defendant, displaying what appeared to be a gun, tried to rob the complainant, while she was seated in her car.

Prior to trial, the defendant moved pursuant to CPL 210.20 (1) (b)[1] to dismiss the indictment, *inter alia,* on the ground that the evidence presented to the Grand Jury was legally insufficient. The Supreme Court, Kings County (Pesce, J.), denied the defendant's motion to dismiss the indictment stating, in pertinent part, as follows:

"In its *in camera* inspection of the Grand Jury minutes, this court noted the direct testimony of the arresting officer that the weapon recovered from the defendant was a cap pistol. This type of pistol, in the officer's experience, is incapable of firing a projectile of any sort. That fact is clearly set out by statute (Penal Law § 160.15 [4]) as an affirmative defense to a charge of Robbery in the First Degree, and the defendant

---

1. CPL 210.20 (1) (b) provides that

"[a]fter arraignment upon an indictment, the superior court may, upon motion of the defendant, dismiss such indictment or any count thereof upon the ground that: * * *

"(b) The evidence before the grand jury was not legally sufficient to establish the offense charged or any lesser included offense".

would be entitled to a charge of Robbery in the Second Degree at trial[2].

"It is this claimed error which the defendant urges as the basis for dismissal with leave to represent. Clearly, however, dismissal is not warranted by the manner of presentation. The court is empowered to dismiss upon a pretrial motion only if the evidence presented to the Grand Jury is insufficient to support the charge itself or a lesser included offense * * *

"The testimony before the Grand Jury is sufficient to support an indictment for Attempted Robbery in the Second Degree and therefore this court is without power to dismiss that count (or to reduce it, for that matter)".

Thereafter, prior to the start of jury selection, the trial court (Broomer, J.) informed counsel that they would each be allowed 10 peremptory challenges for the regular jurors. The prosecutor had no objection to the trial court's statement, but the defendant's trial counsel objected on the ground that the indictment charged the defendant with a class C felony (attempted robbery in the first degree) and that, pursuant to CPL 270.25,[3] the parties were entitled to 15 peremptory challenges. In response to the defense counsel's objection, the trial court indicated that Justice Pesce had found that the evidence

---

2. Penal Law § 160.15 (4) provides, in pertinent part, as follows:

"A person is guilty of robbery in the first degree when he forcibly steals property and when, in the course of the commission of the crime or of immediate flight therefrom, he * * *

"4. Displays what appears to be a pistol * * * or other firearm; except that in any prosecution under this subdivision, it is an affirmative defense that such pistol * * * or other firearm was not a loaded weapon from which a shot, readily capable of producing death or other serious physical injury, could be discharged. Nothing contained in this subdivision shall constitute a defense to a prosecution for, or preclude a conviction of, robbery in the second degree".

Penal Law § 160.10 (2) (b) provides, in pertinent part, that:

"A person is guilty of robbery in the second degree when he forcibly steals property and when: * * *

"2. In the course of the commission of the crime or of immediate flight therefrom, he * * *

"(b) Displays what appears to be a pistol * * * or other firearm".

3. CPL 270.25 provides, in pertinent part, as follows:

"(2) Each party must be allowed the following number of peremptory challenges: * * *

"(b) Fifteen for the regular jurors if the highest crime charged is a * * * class C felony, and two for each alternate juror to be selected.

"(c) Ten for the regular jurors in all other cases, and two for each alternate juror to be selected".

before the Grand Jury did not support a charge of attempted robbery in the first degree, that the charge remained only because the evidence was sufficient to support the lesser included charge of attempted robbery in the second degree, a class D felony, and that the only charge which the defendant could be convicted of was attempted robbery in the second degree, a class D felony, for which he was only entitled to 10 peremptory challenges. More specifically, the trial court stated that the prosecutor in her opening would not be permitted to tell the jury that the defendant was charged with attempted robbery in the first degree and that the trial court would not submit to the jury the attempted robbery in the first degree charge. Neither the prosecutor nor defense counsel voiced any objection to this latter ruling by the trial court.

During this colloquy, the defense counsel had asked the trial court whether it would entertain an application to "dismiss" the charge of attempted robbery in the first degree and substitute the charge of attempted robbery in the second degree. The trial court replied that while it would entertain the application, the request would be denied for the reasons stated by Judge Pesce. After further colloquy, the People then specifically moved to amend the indictment, "with the consent of the defense attorney", to reduce the charge of attempted robbery in the first degree to attempted robbery in the second degree. When defense counsel refused to consent to the amendment, noting the People's delay in making the motion and that he would then be limited to 10 peremptory challenges, the trial court did not specifically rule on the People's request.

The trial court subsequently issued a written decision with regard to the question of the number of peremptory challenges to be allotted in this case (see, People v McGee, 131 Misc 2d 770).

In accordance with the trial court's oral ruling, the prosecutor, in her opening statement to the jury, stated, in pertinent part, that under the indictment, the defendant was charged with *"attempted robbery in the second degree* and also a violation of [the] firearm's section of the Administrative Code [of the City of New York], specifically [former] Section 436-5.0"* (emphasis supplied). Further, during the charge conference, the trial court indicated that it would only submit the charge of attempted robbery in the second degree to the jury, and that the charge involving the violation of the Administrative Code would not be submitted. The trial court thereafter

charged the jury only on the crime of attempted robbery in the second degree. As noted, the jury returned a verdict of guilty on the attempted robbery in the second degree charge.

On appeal, the defendant reiterates his trial claim that since he was charged in the indictment with attempted robbery in the first degree, a class C felony, he was entitled to 15 peremptory challenges (see, CPL 270.25 [2] [b]), and therefore, it was improper for the trial court to limit the number of peremptory challenges to 10. Further, the defendant argues that the trial court was without authority to dismiss the attempted robbery in the first degree count, either explicitly or implicitly.

Initially, we note our disagreement with the trial court's holding in its written decision that "the number of peremptory challenges allotted by statute is determined by the 'highest crime charged' that a defendant can possibly be convicted of at trial" (People v McGee, 131 Misc 2d, at 774, supra).

The language of CPL 270.25 is clear and unambiguous. The number of peremptory challenges is to be determined solely by the charges in the indictment, and not by the highest crime charged that can be proven at a trial. As noted by the defendant, whether the prosecutor's evidence is sufficient to prove the highest crime charged in the indictment usually cannot be ascertained until the trial. The trial court's interpretation of the statute would only invite trials within trials to determine whether the highest crime charged could be proven at trial.

Therefore, we hold that the number of peremptory challenges must be determined in accordance with the highest count in the indictment.

However, in this case, the indictment was, in effect, amended by reducing the highest count of the indictment from attempted robbery in the first degree to attempted robbery in the second degree.

In this regard, the oral colloquy prior to jury selection and the written decision on the issue of the allocation of peremptory challenges indicates that the trial court, as well as the parties, were under a misapprehension concerning the trial court's authority, upon the People's request, to "formally" amend the indictment to reduce the attempted robbery in the first degree charge to attempted robbery in the second degree.

CPL 200.70 provides, in pertinent part, as follows: "1. At any time before or during trial, the court may, upon applica-

tion of the people and with notice to the defendant and opportunity to be heard, order the amendment of an indictment with respect to defects, errors or variances from the proof relating to matters of form, time, place, names of persons and the like, when such an amendment does not change the theory or theories of the prosecution as reflected in the evidence before the grand jury which filed such indictment, or otherwise tend to prejudice the defendant on the merits".

In construing this statute, this court has held that a trial court does have the authority to amend an indictment under the circumstances herein (see, People v Ceballos, 98 AD2d 475 [involving reduction of an indictment charging robbery in the second degree to robbery in the third degree]). While in People v Ceballos (supra) the defendant consented to the amendment, nevertheless CPL 200.70 does not require the consent of the defendant, but merely that the defendant be given notice and an opportunity to be heard, conditions satisfied in this case (see also, People v Grega, 72 NY2d 489, 499).

In this regard, it is noted that despite the fact that the trial court did not "formally" amend the indictment upon the People's motion, the trial court orally ruled that no mention of the attempted robbery in the first degree charge would be permitted before the jury, to which defendant's trial counsel did not object. Therefore, that charge was clearly out of the case for all purposes.

Further, the trial court's de facto amendment of the indictment, which resulted in the elimination of five peremptory charges, did not "prejudice the defendant on the merits" (CPL 200.70 [1]; see, People v Ceballos, supra). We find unpersuasive the defendant's argument that he was otherwise prejudiced by the amendment due to the People's delay in seeking to amend the indictment (see, People v Grega, supra, at 499).

In addition, as noted by Justice Pesce, the Supreme Court is not statutorily authorized to amend the indictment to reduce the charge, upon the defendant's application. Nevertheless, the determination on the defendant's application did not preclude the trial court from, in effect, granting the People's request to amend the indictment, pursuant to CPL 200.70.

Since the highest count in the indictment, as amended, was attempted robbery in the second degree, a class D felony, the

trial court properly allotted to the defendant and the prosecutor 10 peremptory challenges for the regular jurors.

Accordingly, the judgment of conviction is affirmed.

LAWRENCE, J. P., KUNZEMAN, SULLIVAN and BALLETTA, JJ., concur.

Ordered that the judgment is affirmed.