# SUPREME COURT — APPELLATE DIVISION — SECOND DEPARTMENT.

## April 15, 1921.

## THE PEOPLE v. CHARLES WEIN ET AL.

(196 App. Div. 368.)

(1) Assault in third degree—Code Crim. Proc., § 445, applicable to prosecution by information.

Section 445 of the Code of Criminal Procedure, providing, in effect, that under an indictment the defendant may be convicted of any crime, the commission of which is necessarily included in that with which he is charged in the indictment, is applicable to prosecutions by information.

(2) Disorderly Conduct—Penal Law, § 720.

Disorderly conduct as defined by section 720 of the Penal Law is included within the crime of assault in the third degree, and, therefore, one charged in an information with assault in the third degree may be convicted of the crime of disorderly conduct.

(3) Jurisdiction.

The court did not lose jurisdiction of the case by dismissing the assault charge.

Appeal by the defendants, Charles Wein and another, from an order of the County Court of the county of Westchester, entered in the office of the clerk of said county on the 8th day of December, 1919, affirming a judgment of a Court of Special Sessions before Malcom Merritt, assistant police justice of the village of Port Chester, rendered on the 14th day of August, 1919, convicting the defendants of the crime of disorderly conduct and fining each five dollars.

*Benjamin I. Taylor,* for the appellants.

*Lee Parsons Davis, District Attorney (Arthur Rowland, Assistant District Attorney,* with him on the brief), for the respondent.

PUTNAM, J.:

The information charged defendants with the crime of assault in the third degree. The justice (sitting as a Court of Special Sessions) at the close dismissed the charge of assault, but found defendants guilty of disorderly conduct, and imposed a fine.

Defendants have raised the point that disorderly conduct is not a degree of assault, but is a separate and distinct offense, and not a crime necessarily included in that charged in the information. (See People v. Adams, 52 Mich. 24.)

Assault in the third degree is committing an assault not amounting to assault in the first or second degree. (See Penal Law, § 244.)

The crime of disorderly conduct of which defendants were found guilty is thus defined: " Any person who shall by any offensive or disorderly act or language, annoy or interfere with any person in any place * * *, although such act, conduct or display may not amount to an assault or battery, shall be deemed guilty of a misdemeanor." (Penal Law, § 720.)

Under an indictment, one may be convicted of any crime, the commission of which is necessarily included in that with which he is charged in the indictment; that is, a constituent offense. (Code Crim. Proc., § 445; People v. Colburn, 162 App. Div. 651.)

It has not before been questioned that the provisions of section 445 of the Code of Criminal Procedure also apply to prosecutions by an information. The information performs the same office as an indictment in a superior court. (Shappee v. Curtis, 142 App. Div. 155.)

No new rule of law was established when section 445 of the Code of Criminal Procedure was enacted. (See 2 R. S. 702, § 27, regarding different degrees of same offense; now Code Crim. Proc., § 444.) These sections are declaratory of the common law. (People v. Miller, 143 App. Div. 251; affd., 202 N. Y. 618.)

The facts alleged in the information would constitute the crime of disorderly conduct. They were sufficient to sustain a conviction for such offense. (People v. Miller, 143 App. Div. 251.) The argument that the court here lost jurisdiction by dismissal of the assault charge is of no merit. It is elementary that a finding of a lesser offense operates of itself as an acquittal of the higher offense. (Whart. Crim. Law, § 33.)

I, therefore, advise that this conviction for disorderly conduct be affirmed.

MILLS, RICH, BLACKMAR, and KELLY, JJ., concur.

Judgment of conviction of the County Court of Westchester county affirmed.

## NOTE ON DISORDERLY CONDUCT ON PUBLIC CONVEYANCE, PENAL LAW, § 720.

This section deals with annoying language amounting to a nuisance. (People v. Tylkoff, 212 N. Y. 197.)

It is only where disorderly conduct tends to a breach of the peace, under the circumstances detailed in section 1458 of the Consolidation Act, that it constitutes a minor offense cognizable by the police magistrate of the city of New York, and when it in fact threatens to disturb the peace it is a misdemeanor as well under section 675 (now 720) of the Penal Code as at common law, and not within the jurisdiction of the police magistrate but of the Court of Special Sessions. (People v. Davis, 80 App. Div. 448, affd. 176 N. Y. 465. See Deering v. Gebhard, 57 Misc. 451.)

Two things must occur to constitute the crime—one of these relates to the conduct of the accused and the other to the effect of such conduct upon the complainant. There must be an annoyance to or interference with some person in a public place by act or language which is either offensive or disorderly. It is clear that if one person, without lawful excuse, persists in talking to or walking with another, with whom he is not acquainted, this may be offensive or disorderly, and, it may be, constitute an interference with or annoyance to the person accosted within the prohibition of the statute. Such are doubtless the cases that commonly arise under the statute; but the scope of the statute is broad, and necessarily so. (People v. St. Clair, 90 App. Div. 239, rev'd on other ground 179 N. Y. 578.)

It must be shown that someone was annoyed. Where, however, it is

shown that vile and obscene language was used in the presence of men, women and children, the jury may infer that they were annoyed thereby. (People v. Bevins, 74 Misc. 377, affd. 149 App. Div. 953.)

Where language is calculated to annoy, and the complainant testifies that he was annoyed, this makes out this element of the offense. (People v. Whitman, 157 N. Y. S. 1107.)

The words "in any place" undoubtedly have reference to a public place. (People v. St. Clair, 90 App. Div. 239.)

A back yard on private premises may be a public place if offensive language there used can be heard by neighbors and passersby. (People v. Whitman, 157 N. Y. S. 1107.)

To call one a bastard and accuse a woman with having illicit intercourse with negroes, in a loud tone, is offensive language within this section. (People v. Whitman, 157 N. Y. S. 1107.)

A duly licensed private detective in "shadowing" a person, always keeping at a distance and never touching or speaking to his subject, done in such a manner as to be without the knowledge of the subject until informed by others, does not violate this section. (People v. Weiler, 179 N. Y. 46, revg. 89 App. Div. 611.)

Where three persons, for the purpose of picking a person's pocket, crowd him as he is boarding a street car and jostle him, while one puts his hands in his pocket, they may be convicted under this section.

A crowd of boys rushing by a subway guard, without paying their fare, to get a free ride, violate this section. (People v. Markowitz, 119 App. Div. 841.)

The mere fact that a woman is a public prostitute does not warrant her conviction under this section. (People v. N. Y. State Reformatory for Women, 176 N. Y. 465.)

Where defendant has been put on trial for a violation of section 1458 of the Consolidation Act defining disorderly conduct, he cannot afterwards be tried under section 720 of the Penal Law. (People v. Goldfarb, 152 App. Div. 870.)

A conviction for intoxication in a public place does not bar a conviction under section 720, based on annoying language used on the same occasion. (People v. Bevins, 74 Misc. 377, affd. 149 App. Div. 935.)

The fact that a defendant might have been prosecuted for a violation of section 720 does not deprive a police magistrate of jurisdiction of a prosecution under § 1458 of the Consolidation Act. (People v. Hart's Island Reformatory, 65 Misc. 653.)