Per Curiam.

The appellant has challenged the jurisdiction of the Criminal Court of the City of New York to find him *1014 guilty of an attempt to commit the crime of petit larceny when the complaint charged the completed crime. He relies on the rulings of the Appellate Term of the Supreme 'Court for the Second Department, which held in People v. Febus (N. Y. L. J., Nov. 28, 1966, p. 17, col. 8) and People v. Soman (53 Misc 2d 452), (dictum) that the Criminal Court did not have such authority. This court holds to the contrary.
■Subdivision (10) of section 33 of the New York City Criminal Court Act includes among the powers of the judges tf to exercise all the rights, privileges, and powers and jurisdiction not inconsistent with this act, which on the thirty-first day of August, nineteen hundred and sixty-two were by law vested in the then existing court of special sessions of the City of New York and the then existing magistrates’ courts * * * and in the justices and magistrates thereof.” In 1962, subdivision 4 of section 31 of the New York City -Criminal Courts Act read as follows: “ All sections of the code of criminal procedure consistent with this act regulating and controlling the practice and procedure of the court of general sessions * * * shall apply, as far as may be, to the practice and procedure in the court of special sessions, and shall regulate and control the practice and procedure of said court, insofar as its jurisdiction and organization will permit.”
■Section 444 of the 'Code of Criminal Procedure states that “ Upon an indictment for a crime consisting of different degrees, the jury may find the defendant not guilty of the degree charged in the indictment, and guilty of any degree inferior thereto, or of an attempt to commit the crime.” While the statute talks of indictments and juries, the Judge in the Criminal Court sits as a trier of the facts, just as does the jury on the trial of an indictment. A complaint, like an indictment, vests jurisdiction in the appropriate court.
Section 62 of the 'Code of Criminal Procedure, which applies only to a court of special sessions outside the cities of New York and Albany, states that included in certain sections of the afore-mentioned code is section 444 which “ shall apply as far as may be to proceedings in all courts of special sessions or police courts.” There is no such language in the New York .City Criminal Court Act but the latter incorporates former subdivision 4 of section 31 as of August 31, 1962, to the effect that the Code of Criminal Procedure, insofar as consistent wherein it regulates the practice and procedure of the Court of General Sessions, shall apply to the practice and procedure of the 'Court of Special Sessions. It has been held that the purpose of section 444 and its counter *1015 part section 445 of the Code of Criminal Procedure, “ were both declaratory of the rule which had always obtained at common law, which was that the prosecution never was allowed to fail because all the alleged facts and circumstances were not proved, if such as were proved made out a crime though of an inferior degree ” (People v. Miller, 143 App. Div. 251, 253, affd. 202 N. Y. 618). The complaint, like an information, performs the same office as an indictment in a superior court (People v. Wein, 196 App. Div. 368, 369). In view of the underlying rationale of section 444 of the 'Code of Criminal Procedure there is nothing repugnant to the present “ jurisdiction and organization” of the New York City Criminal Court Act (see former § 31, subd. 4) which would proscribe the finding of guilt of an attempt to commit the crime, when proven, where there was a failure of proof of the completed crime.
The judgment of conviction should be affirmed.
Concur — Markowitz, J. P., Hofstadter and Hecht, Jr., JJ.
Judgment affirmed.