Alfred H. Kleiman, J.
In October, 1969, defendant was charged with the crime of assault in the third degree (Penal Law, § 120.00) upon an information which alleged as follows: that defendant “ acting in concert with an adult female, pulled the deponent out of a parked automobile and repeatedly struck her about the head with clenched fists ”. After trial, the defendant was convicted of harassment (Penal Law, § 240.25, subd. 1), “a violation.” After conviction and before sentence, the defendant’s attorney contended that this court was without power to render its judgment, upon the ground that the crime of harassment is not necessarily included in that with which the defendant was charged, to wit: assault in the third degree, citing People v. Weitzman (N. Y. L. J., Feb. 6, 1970, p. 16, col. 4 [App. Term, 2d Dept.]). We treat this as a motion to set aside the conviction.
It was the rule at common law that “ a defendant might be found guilty of any crime the commission of which is necessarily included in the acts stated in the indictment as constituting the crime with which he was charged.” (People v. Mussenden, 284 App. Div. 479, 481 [1954], affd. 308 N. Y. 558 [1955], citing Dedieu v. People, 22 N. Y. 178 [1860].) This rule was codified in sections 444 and 445 of the Code of Criminal Procedure. (People v. Miller, 143 App. Div. 251 [1911], affd. 202 N. Y. 618 [1911].) Section 445 provides that “ the defendant may be found guilty of any crime, the commission of which is neces *545 sarily included in that which is charged in the indictment. ’ ’ The provisions of this section also apply to prosecutions by an information. (Shappee v. Curtis, 142 App. Div. 155 [3rd Dept., 1911].) More recently it was held that section 444 of the Code of Criminal Procedure, which permits the finding of a defendant guilty of 11 any degree inferior ” to that “ charged in the indictment,” applies to the Criminal Court of the City of New York. (People v. Baker, 53 Misc 2d 1013 [App. Term, 1st Dept., 1967]. Contra: People v. Soman, 53 Misc 2d 452 [App. Term, 2d Dept., 1966].) We hold that section 445, as the counterpart to section 444, similarly applies to proceedings in this court. (See People v. Miller, supra, p. 254; People v. Wein, 196 App. Div. 368 [2d Dept., 1921].)
Third degree assault, under subdivision 1 of section 244 of the former Penal Law, more commonly referred to as simple assault, did not require proof of actual physical injury. Assault in the third degree under the present statute (Penal Law, § 120.00) does require evidence of impairment of physical condition or substantial pain (Penal Law, § 10.00, subd. 9). Under the present Penal Law, minor assaultive conduct or petty batteries, i.e., so-called “ technical assaults,” are now covered by the offense of harassment (Penal Law, § 240.25, subd. 1) (see Commission Staff Notes, Consolidated Laws Service, Penal Law, § 240.25). It should also be noted that this subdivision (§ 240.25, subd. 1) is also derived from the crime of disorderly conduct as defined in section 720 of the former Penal Law'; and the latter crime was held to be included in the crime of assault in the third degree. (People v. Wein, supra; cf. People ex rel. Davis v. Sheriff, 3 Misc 2d 231 [Sup. Ct., Oswego County, 1956].)
The Weitzman case (N. Y. L. J., Feb. 6, 1970, p. 16, col. 4, supra) does not appear to be inconsistent with this decision. In that case the court held that the People, having failed to establish defendant’s guilt of the underlying crime of assault in the third degree, his adjudication “ as a youthful offender predicated upon the commission of a violation (harassment) cannot stand.” (Emphasis supplied.) That case dealt with considerations peculiar to the youthful offender statute and the requisites for adjudication under that statute (Code Crim. Pro., § 913-e et seq.) and thus has no relationship to the present situation. (See People v. Shannon, 1 A D 2d 226, 231, affd. 2 N Y 2d 792 [1956].)
We conclude that the acts constituting harassment are included in the acts charged in the complaint as constituting the graver offense of assault in the third degree.
Accordingly, the motion is in all respects denied.