# In re Ernst SOLON, Respondent

File A30 045 420 - New York

*Decided July 25, 2007*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

The offense of assault in the third degree in violation of section 120.00(1) of the New York Penal Law, which requires both specific intent and physical injury, is a crime involving moral turpitude.

FOR RESPONDENT: Robert J. Shannon, Esquire, New York, New York

BEFORE: Board Panel: OSUNA, Acting Chairman; FILPPU and PAULEY, Board Members

FILPPU, Board Member:

In a decision dated August 30, 2005, an Immigration Judge denied the respondent's request for a waiver under former section 212(c) of the Immigration and Nationality Act, 8 U.S.C. § 1182(c) (1988), and all other forms of relief from removal for which he had applied. The respondent has appealed only from the Immigration Judge's denial of the waiver. The appeal will be dismissed.

## I. FACTUAL AND PROCEDURAL HISTORY

The respondent is a native and citizen of Haiti who entered the United States as a lawful permanent resident on October 15, 1970. The record reflects that he was convicted of conspiracy to import cocaine on January 2, 1996. He was originally ordered removed by an Immigration Judge in an August 9, 1999, decision finding him removable under sections 237(a)(2)(A)(iii) and (B)(i) of the Act, 8 U.S.C. §§ 1227(a)(2)(A)(iii) and (B)(i) (Supp. V 1999), as an alien convicted of an aggravated felony and a controlled substance violation. He appealed from that decision. In July 2001, the United States District Court for the Eastern District of New York vacated the order of removal and remanded the matter to allow the respondent to apply for relief from removal pursuant to former section 212(c) of the Act and *INS v. St. Cyr*, 533 U.S. 289 (2001). In July 2002, the Immigration Judge granted a motion of the Department of Homeland Security ("DHS") to reopen the removal proceedings.

In 2003, the DHS lodged additional factual allegations and charges against the respondent. Specifically, the DHS alleged that the respondent was convicted on April 30, 2002, of assault in the third degree in violation of section 120.00(1) of the New York Penal Law. On the basis of the conviction record submitted by the DHS, the Immigration Judge sustained the lodged charge and concluded that the respondent is removable under section 237(a)(2)(A)(ii) of the Act as an alien convicted of two or more crimes involving moral turpitude.[1] Because the respondent's 2002 assault conviction occurred subsequent to the repeal of section 212(c) of the Act, the Immigration Judge found that he was not eligible for relief and denied his request for a waiver.

## II. ISSUE

The only issue the respondent has raised on appeal regarding his eligibility for a section 212(c) waiver is whether assault in the third degree in violation of section 120.00(1) of the New York Penal Law is a crime involving moral turpitude.

## III. ANALYSIS

The Act does not define the term "crime involving moral turpitude." However, we have held that it encompasses conduct that shocks the public conscience as being "inherently base, vile, or depraved, and contrary to the accepted rules of morality and the duties owed between persons or to society in general." *Matter of Ajami*, 22 I&N Dec. 949, 950 (BIA 1999); *see also Matter of Perez-Contreras*, 20 I&N Dec. 615, 618 (BIA 1992). It generally refers to acts that are per se morally reprehensible and intrinsically wrong. *See Rodriguez v. Gonzales*, 451 F.3d 60, 63 (2d Cir. 2006). Neither the seriousness of the underlying offense nor the severity of the punishment imposed is determinative of whether a crime involves moral turpitude. *See Matter of Serna*, 20 I&N Dec. 579, 581 (BIA 1992).

Crimes committed intentionally or knowingly have historically been found to involve moral turpitude. *See Michel v. INS*, 206 F.3d 253, 263 (2d Cir. 2000); *Matter of Perez-Contreras*, *supra*. Moral turpitude may also inhere in criminally reckless conduct, i.e., conduct that reflects a conscious disregard for a substantial and unjustifiable risk. *See, e.g.*, *Matter of Franklin*, 20 I&N Dec. 867 (BIA 1994) (involuntary manslaughter); *Matter of Wojtkow*, 18 I&N Dec. 111 (BIA 1981) (second-degree manslaughter); *Matter of Medina*, 15 I&N Dec. 611 (BIA 1976) (aggravated assault). Fraud is categorized as a crime involving moral turpitude, as are certain other offenses involving acts of

---

[1] The Immigration Judge relied on *Matter of Khourn*, 21 I&N Dec. 1041 (BIA 1997), in finding that conspiracy to import cocaine is a crime involving moral turpitude.

baseness and depravity, even though they have no element of fraud or, in some cases, no explicit element of evil intent. *See Matter of Torres-Varela*, 23 I&N Dec. 78, 84 (BIA 2001) (noting that such crimes include murder, rape, statutory rape, robbery, kidnaping, voluntary manslaughter, some involuntary manslaughter offenses, mayhem, theft offenses, spousal abuse, child abuse, and incest).

Assault may or may not involve moral turpitude. *See Matter of Danesh*, 19 I&N Dec. 669, 670 (BIA 1988). Offenses characterized as "simple assaults" are generally not considered to be crimes involving moral turpitude. *See Matter of Perez-Contreras*, *supra*; *Matter of Short*, 20 I&N Dec. 136, 139 (BIA 1989). This is so because they require general intent only and may be committed without the evil intent, depraved or vicious motive, or corrupt mind associated with moral turpitude. *See Matter of J-*, 4 I&N Dec. 512, 514 (BIA 1951); *Matter of J-*, 4 I&N Dec. 26, 27 (BIA 1950); *Matter of O-*, 3 I&N Dec. 193, 194-95 (BIA 1948).

In addition, we have recognized that not all crimes involving the injurious touching of another person reflect moral depravity on the part of the offender. *See Matter of Sanudo*, 23 I&N Dec. 968, 971 (BIA 2006). Many simple assault statutes prohibit a wide range of conduct or harm, including de minimis conduct or harm, such as offensive or provocative physical contact or insults, which is not ordinarily considered to be inherently vile, depraved, or morally reprehensible. *See, e.g.*, Ariz. Rev. Stat. Ann. § 13-1203 (West, Westlaw through June 2007 legislation); Iowa Code Ann. § 708.1 (West, Westlaw through 2007 First Reg. Sess.); Me. Rev. Stat. Ann. tit. 17-A, § 207 (West, Westlaw through 2007 First Reg. Sess.); N.M. Stat. Ann. § 30-3-1 (West, Westlaw through June 2007 legislation); Tenn. Code Ann. § 39-13-101 (West, Westlaw through 2007 First Reg. Sess.).

The specific provision under which an alien was convicted may or may not be discernible from the record. *See Matter of Torres-Varela*, *supra*, at 84-85 (stating that a determination whether a violation of a particular statute is a crime involving moral turpitude requires an objective analysis of the elements necessary to secure a conviction under that statute). In such cases, the conviction will be found to be for a crime involving moral turpitude only if the full range of the conduct prohibited in the statute supports such a finding. *See Michel v. INS*, *supra*, at 263 (stating that generally, if a statute encompasses both acts that do and do not involve moral turpitude, a deportability finding based on that statute cannot be sustained).

In previous cases we have held that neither the offender's state of mind nor the resulting level of harm, alone, is determinative of moral turpitude. For example, in *Matter of Sanudo*, *supra*, at 972-73, we found that the alien's California domestic battery offense was not a crime involving moral turpitude because, despite the intent element of the offense, a conviction required only

a minimal touching without any evidence of actual injury.[2]  Moreover, in *Matter of Fualaau*, 21 I&N Dec. 475, 478 (BIA 1996), where the alien was convicted of third-degree assault in Hawaii after pleading guilty to reckless infliction of bodily injury, we concluded that a reckless state of mind must be coupled with an offense involving the infliction of serious bodily injury in order for the assault to be a crime involving moral turpitude.  However, in *Matter of Perez-Contreras*, *supra*, at 619, we found that moral turpitude was not inherent in the Washington third-degree assault statute, because neither intent nor recklessness was required for a conviction for causing bodily harm with criminal negligence.  Moreover, in that case we specifically withdrew from *Matter of Baker*, 15 I&N Dec. 50 (BIA 1974), to the extent it held that any assault resulting in great bodily harm involves moral turpitude, without regard to the existence of intentional or reckless conduct.  *Matter of Perez-Contreras*, *supra*, at 619-20.

The reasoning from these decisions reflects that at least in the context of assault crimes, a finding of moral turpitude involves an assessment of both the state of mind and the level of harm required to complete the offense.  Thus, intentional conduct resulting in a meaningful level of harm, which must be more than mere offensive touching, may be considered morally turpitudinous.  However, as the level of conscious behavior decreases, i.e., from intentional to reckless conduct, more serious resulting harm is required in order to find that the crime involves moral turpitude.  Moreover, where no conscious behavior is required, there can be no finding of moral turpitude, regardless of the resulting harm.  This body of law, then, deems intent to be a crucial element in determining whether a crime involves moral turpitude.  *See Matter of Perez-Contreras*, *supra*, at 618-19, and cases cited therein.

In *Matter of E-*, 1 I&N Dec. 505, 507 (BIA 1943), we held that assault in the third degree in New York was not a crime involving moral turpitude, observing that "a mere assault and battery does not involve moral turpitude."  The alien in that case was convicted under former section 244(1) of the New York Penal Law, which was in effect in 1940 and provided that a person who committed an assault, or an assault and battery, which was not specified in either section 240 and 242, was guilty of assault in the third degree.[3]  Thus, the offense

---

[2]  As discussed below, a conviction under section 120.00(1) of the New York Penal Code requires a battery.  We therefore emphasize that regardless of the label assigned to the crime, the California battery conviction at issue in *Matter of Sanudo*, *supra*, is analogous to the respondent's New York third-degree assault conviction.

[3]  Sections 240 and 242 of the former New York Penal Law defined first-degree and second-degree assault, respectively.  Under section 240, first-degree assault was essentially assault with intent to kill.  Under section 242, second-degree assault included the intentional administration of dangerous or intoxicating drugs; willful wounding or infliction of grievous bodily harm with or without a weapon; willful assault with the use of a weapon or other instrument or thing likely to produce grievous bodily harm; and assault with intent to commit a felony or to prevent or resist lawful process, apprehension, or detention.  New York

(continued...)

described in the third-degree assault statute was a simple assault. *See People v. Katz*, 49 N.E.2d 482, 484 (N.Y. 1943); *People v. Martini*, 309 N.Y.S.2d 831, 833 (N.Y. City Crim. Ct. 1970); *Brereton v. McEvoy*, 353 N.Y.S.2d 512, 516 (N.Y. App. Div. 1974). The statute did not require any specific intent for a conviction. *See People v. Fruci*, 67 N.Y.S.2d 512, 515 (N.Y. City Ct. 1947). Moreover, no proof of actual physical injury was required. *See People v. Martini*, *supra*; *see also People v. Wood*, 199 N.Y.S.2d 342 (N.Y. App. Div. 1960) (finding that pointing an unloaded gun at someone may support a conviction for third-degree assault).

In this case, the respondent was convicted in 2002 under section 120.00(1) of the revised New York Penal Law, which provides that a person is guilty of assault in the third degree when, "[w]ith intent to cause physical injury to another person, he causes such injury to such person or to a third person."[4] We find that this statute is clearly distinguishable from the 1940 version of the third-degree assault statute that we examined in *Matter of E-*, *supra*, and conclude that we are not bound to apply the holding in that case here. For the following reasons, we find that assault in the third degree under section 120.00(1) of the New York Penal Law, which requires both specific intent and physical injury, is a crime involving moral turpitude.

As noted above, section 120.00(1) of the New York Penal Law requires "intent to cause physical injury." According to section 15.05(1) of the New York Penal Law, a person acts intentionally "with respect to a result or to conduct . . . when his *conscious objective* is to cause such result or to engage in such conduct." (Emphasis added.) Thus, the statute under which the respondent was convicted requires the specific intent to cause physical injury, as opposed to the general intent associated with simple assault. *See People v. Juarez*, 827 N.Y.S.2d 564, 567-68 (N.Y. Co. Ct. 2006) (acquitting the defendant of third-degree assault where the evidence showed that the victim's injury was inadvertent, rather than specifically intended by the defendant); *People v. Williams*, 819 N.Y.S.2d 212 (N.Y. City Crim. Ct. 2006) (finding that the occurrence of a physical injury is insufficient to sustain a conviction for third-degree assault, absent evidence that the defendant's objective or purpose was to cause that injury); *People v. Loewinger*, 323 N.Y.S.2d 98, 101 (N.Y. App. Div. 1971) (finding that the jury instruction that "assault in the third degree is an assault and battery made voluntarily and knowingly" was proper because it apprised the jury that the assault must be intentional).

_____

[3] (...continued)

substantially revised its assault provisions in 1965 to include the statute under which the respondent was convicted.

[4] A person is guilty of third degree assault under section 120.00(2) of the New York Penal Law when he "recklessly" causes physical injury to another person. Section 120.00(3) requires that "[w]ith criminal negligence," a person causes physical injury to another person by means of a deadly weapon or dangerous instrument.

Therefore, the inclusion of the specific intent element distinguishes third-degree assault under section 120.00(1) of the New York Penal Law from the general-intent simple assaults, which are not considered to involve moral turpitude.

A conviction for third-degree assault under section 120.00(1) of the New York Penal Law also requires proof of actual physical injury. "Physical injury" is defined in section 10.00(9) of the New York Penal Law as "impairment of physical condition or substantial pain." In applying the statute, New York State courts have been mindful that this definition includes "substantial pain," as opposed to mere "pain." Thus, the courts have required evidence of a certain objective level of pain (or impairment of physical condition) in order to sustain a charge of, or a conviction for, assault in the third degree.

For example, a charge of assault in the third degree was dismissed as legally insufficient where the victim alleged only generically that the defendant hit and kicked him, causing a lot of pain and injury. *See People v. Strong*, 689 N.Y.S.2d 341, 343 (N.Y. Sup. Ct. 1999). Similarly, where there was evidence that the victim was treated for a bite on the hand, but none as to the extent of pain or impairment of physical condition, the evidence was insufficient to support a conviction for third-degree assault. *See People v. Estes*, 517 N.Y.S.2d 230 (N.Y. App. Div. 1987). *See generally Mary Ellen P ex rel. Johnathan Q v. John R*, 718 N.Y.S.2d 442, 445 (N.Y. App. Div. 2000) (stating that although "substantial pain" is generally a question of fact, there is an objective level below which it is a question of law). On the other hand, there was sufficient evidence to support a conviction for third-degree assault where the record showed that the victim was struck repeatedly, sustaining bruises, scratches, and bite and rope marks, that she sought medical treatment after the incident, and that the bruises remained "very painful" for a couple of days after the incident. *See People v. Rambali*, 813 N.Y.S.2d 103, 104 (N.Y. App. Div. 2006).

The legislative history of the New York statute reflects an intent to amend the assault laws, which included some mere common-law assaults, to establish that every assault offense requires a battery that produces actual physical injury.[5] *See People ex rel.Clifford v. Krueger*, 297 N.Y.S.2d 990, 993-94 (N.Y. Sup. Ct. 1969) (citing the Third Interim Report of the Temporary Commission on Revision of the Penal Law and Criminal Code, N.Y. Legislative Document (1964) No. 14, p. 21). *See generally United States v. Chestaro*, 197 F.3d 600, 605 (2d Cir. 1999) (stating that the common-law definition of "simple assault" is a crime committed by either a willful attempt to inflict injury upon the person of another, or a threat to inflict injury upon the

---

[5] Other New York State criminal statutes continue to prohibit some of the lesser conduct traditionally encompassed within common-law assault. *See, e.g.*, N.Y. Penal Law § 120.15 (McKinney, Westlaw through 2007) (menacing in the third degree).

person of another, which, when coupled with an apparent present ability, causes a reasonable apprehension of immediate bodily harm). The legislative history also reflects the intent to exclude from third-degree assault conduct such as "'petty slaps, shoves, kicks and the like delivered out of hostility, meanness and similar motives.'" *Matter of Philip A*, 400 N.E.2d 358, 359 (N.Y. 1980) (quoting Temporary Commission on Revision of the Penal Law and Criminal Code, Proposed Penal Law, p. 330); *see also Matter of Shane E*, 679 N.Y.S.2d 209 (N.Y. App. Div. 1998). In applying the "physical injury" requirement of section 120.00(1), New York State courts have excluded from third-degree assault the kinds of minor offenses that may be encompassed within the simple assault statutes of other states. *See, e.g.*, *People v. Doe*, 380 N.Y.S.2d 549 (N.Y. City Ct. 1976) (nudge on the shoulder without physical injury); *People v. Facey*, 499 N.Y.S.2d 517 (N.Y. App. Div. 1986), *aff'd*, 506 N.E.2d 536 (N.Y. 1987) (petty shove); *Hitchcock Plaza, Inc. v. Clark*, 781 N.Y.S.2d 624 (N.Y. Civ. Ct. 2003) (spitting).

In summary, as we understand New York law, a conviction for assault in the third degree under section 120.00(1) of the New York Penal Law requires, at a minimum, (1) that the offender acts with the conscious objective to cause another person impairment of physical condition or substantial pain of a kind meaningfully greater than mere offensive touching, and (2) that such impairment of physical condition or substantial pain actually results. Thus, a conviction under this statute requires, at a minimum, intentionally injurious conduct that reflects a level of depravity or immorality appreciably greater than that associated with the crime at issue in *Matter of Sanudo*, *supra*, at 971-72 (stating that the minimal conduct necessary for a battery conviction under section 242 of the California Penal Code was in the nature of a simple battery). Accordingly, we conclude that a conviction under section 120.00(1) of the New York Penal Law is a conviction for a crime involving moral turpitude.

The respondent argues that his conviction is not for a crime involving moral turpitude because it did not involve serious physical injury or the use of a deadly weapon.[6] As discussed above, the presence of an aggravating factor can be important in determining whether a particular assault amounts to a crime involving moral turpitude. *See Matter of Fualaau*, *supra* (requiring serious bodily injury); *Matter of Danesh*, *supra* (requiring that the defendant knowingly and intentionally caused bodily injury to a peace officer who was in the lawful discharge of his official duty). However, as that discussion makes clear, the need for, and the nature of, any aggravating factor is affected by the mental state required for the conviction.

---

[6] Assault involving serious physical injury or the use of a deadly weapon with intent to cause physical injury is defined as assault in the second degree under sections 120.05(1) and (2) of the New York Penal Law, respectively.

In the instant case, the respondent was convicted of both specifically intending and causing meaningful physical injury to another person. Moral turpitude generally inheres when the specific intent to accomplish a base act is an element of the offense. *See Matter of Perez-Contreras*, *supra*, at 618. The presence or absence of an aggravating factor is not determinative. Further, there is no merit in the contention that the crime does not involve moral turpitude simply because assault in the third degree is the lowest degree of assault in New York or because the respondent received only probation. *See Matter of Serna*, *supra*.

In conclusion, we find that the respondent's conviction for assault in the third degree under section 120.00(1) of the New York Penal Law is for a crime involving moral turpitude. Accordingly, the respondent's appeal will be dismissed.

**ORDER:** The appeal is dismissed.