# United States Court of Appeals
## For the Eighth Circuit
_____

No. 19-1285
_____

Jose Socorro Ortiz

*Petitioner*

v.

William P. Barr, Attorney General of the United States

*Respondent*
_____

Petition for Review of an Order of the
Board of Immigration Appeals
_____

Submitted: May 13, 2020
Filed: June 23, 2020
_____

Before SMITH, Chief Judge, MELLOY and SHEPHERD, Circuit Judges.
_____

SHEPHERD, Circuit Judge.

Jose Ortiz petitions for review of an order of the Board of Immigration Appeals (BIA) affirming an immigration judge's (IJ) decision finding him removable under § 237(a)(2)(A)(i) of the Immigration and Nationality Act (INA), 8 U.S.C. § 1227(a)(2)(A)(i), for having been convicted of a crime involving moral turpitude.

Having jurisdiction under 8 U.S.C. § 1252, we grant the petition for review and vacate the order of removal.

## I.

Ortiz, a native and citizen of Mexico, became a lawfully-admitted permanent resident of the United States in 2002. In 2006, Ortiz pled guilty to obstruction of legal process, arrest, or firefighting (hereinafter, obstruction of legal process), in violation of Minn. Stat. Ann. § 609.50, subdiv. 2(2). He was sentenced to one year in a prison, with a two-year stay on 320 days of the sentence, and a fine of $50.

On November 27, 2013, the Department of Homeland Security (DHS) initiated removal proceedings against Ortiz, charging him as removable under 8 U.S.C. § 1227(a)(2)(A)(iii) for having been "convicted of an aggravated felony" based on his prior conviction for obstruction of legal process. DHS later filed an additional charge against Ortiz, alleging that his prior conviction for obstruction of legal process also subjected him to removal under 8 U.S.C. § 1227(a)(2)(A)(i) for having been "convicted of a crime involving moral turpitude."

Ortiz moved to terminate removal proceedings, arguing that a conviction under Minn. Stat. Ann. § 609.50, subdiv. 2(2) is not an aggravated felony. The IJ denied the motion, finding that Ortiz's prior conviction was categorically a "crime of violence" and, thus, an aggravated felony. See 8 U.S.C. § 1101(a)(43)(F) ("The term 'aggravated felony' means . . . a crime of violence[.]"). Accordingly, the IJ ordered Ortiz's removal from the United States to Mexico. The BIA affirmed the IJ's decision.

Ortiz filed a petition for review. This Court determined that a conviction under Minn. Stat. Ann. § 609.50, subdiv. 2(2) is not categorically a crime of violence—and, thus, not an aggravated felony—because the minimum amount of force required to

sustain a conviction under that statute is less than the level of force required to constitute a crime of violence under Johnson v. United States, 559 U.S. 133, 140 (2010). Ortiz v. Lynch, 796 F.3d 932, 935-36 (8th Cir. 2015). Accordingly, we granted Ortiz's petition for review, vacated the order of removal, and remanded to the BIA to decide whether Ortiz's prior conviction nonetheless subjected him to removal under 8 U.S.C. § 1227(a)(2)(A)(i) as a crime involving moral turpitude. Id. at 938.

Pursuant to the parties' joint motion, the BIA remanded the case to the IJ to decide the issue. Ortiz again moved to terminate removal proceedings, arguing that a conviction for obstruction of legal process under Minn. Stat. Ann. § 609.50, subdiv. 2(2) is not a crime involving moral turpitude. The IJ denied the motion, finding that Ortiz's prior conviction was categorically a crime involving moral turpitude because (1) the statute requires intentional conduct, and (2) using or threatening force or violence to obstruct legal process entails conduct that is inherently base, vile, or depraved and contrary to accepted rules of morality. Accordingly, the IJ sustained the charge of removability under 8 U.S.C. § 1227(a)(2)(A)(i) and ordered Ortiz's removal from the United States to Mexico on that basis. The BIA affirmed the IJ's decision, adding that the minimum conduct punishable by the statute falls within the definition of "moral turpitude" because it involves some aggravating level of force or violence in the context of interference with important and legitimate government functions. Ortiz again filed a timely petition for review.

II.

In his petition for review, Ortiz argues that the BIA erred in concluding that his conviction for obstruction of legal process in violation of Minn. Stat. Ann. § 609.50, subdiv. 2(2) categorically constitutes a crime involving moral turpitude. Whether Ortiz's prior conviction "qualifies as a crime involving moral turpitude is a legal question, subject to de novo review. In analyzing that question, we afford substantial deference to the [BIA's] interpretation of ambiguous statutory language in the INA

-3-

and will uphold its construction if it is reasonable." Gomez-Gutierrez v. Lynch, 811 F.3d 1053, 1058 (8th Cir. 2016) (citation omitted).

## A.

"Any alien who . . . is convicted of a crime involving moral turpitude committed within five years . . . after the date of admission, and . . . for which a sentence of one year or longer may be imposed, is deportable." 8 U.S.C. § 1227(a)(2)(A)(i). Congress has never defined the phrase "crime involving moral turpitude." In the absence of a statutory definition, the BIA has defined the phrase as follows:

> Moral turpitude refers generally to conduct which is inherently base, vile, or depraved, and contrary to the accepted rules of morality and the duties owed between persons or to society in general. Moral turpitude has been defined as an act which is per se morally reprehensible and intrinsically wrong or malum in se, so it is the nature of the act itself and not the statutory prohibition of it which renders a crime one of moral turpitude.

Chanmouny v. Ashcroft, 376 F.3d 810, 811-12 (8th Cir. 2004) (quoting Matter of Ajami, 22 I. & N. Dec. 949, 950 (BIA 1999) (per curiam)) (internal quotation marks omitted). Furthermore, to constitute a crime involving moral turpitude, the offense must require "a culpable mental state and reprehensible conduct." Gomez-Gutierrez, 811 F.3d at 1058 (quoting Matter of Medina, 26 I. & N. Dec. 79, 82 (BIA 2013)) (internal quotation marks omitted).

This Court employs the "categorical approach" to determine whether a state offense qualifies as a crime involving moral turpitude. Id. "Under that approach, we consider whether the elements of [the state] offense necessarily fit within the [BIA's] generic definition[]" of a crime involving moral turpitude. Reyna v. Barr, 935 F.3d

630, 632 (8th Cir. 2019). In conducting this analysis, we "must 'presume that [Ortiz's] conviction rested upon nothing more than the least of the acts criminalized' under the state statute." Mellouli v. Lynch, 135 S. Ct. 1980, 1986 (2015) (quoting Moncrieffe v. Holder, 569 U.S. 184, 190-91 (2013)). If there is "a realistic probability . . . that the State would apply its statute to conduct that falls outside the generic definition of a crime" involving moral turpitude, then the conviction does not categorically constitute a crime involving moral turpitude. Moncrieffe, 569 U.S. at 191 (quoting Gonzales v. Duenas-Alvarez, 549 U.S. 183, 193 (2007)) (internal quotation marks omitted).

B.

In determining whether an obstruction conviction constitutes a crime involving moral turpitude, the BIA applies the same principles that it applies when analyzing an assault conviction. See Matter of Garcia-Lopez, 2007 WL 4699842, at *1-2 (BIA Nov. 2, 2007) (noting that "[t]he crime of interfering with a law enforcement officer is analogous to assault" and relying on the BIA's assault framework to determine whether a conviction for intentionally resisting arrest by using force constitutes a crime involving moral turpitude); Matter of Logan, 17 I. & N. Dec. 367, 368-69 (BIA 1980) (relying on the BIA's assault framework to determine whether a conviction for interference with a law enforcement officer is a crime involving moral turpitude). Thus, before considering whether Ortiz's statute of conviction categorically fits the generic definition of a crime involving moral turpitude, we first briefly discuss the BIA's established principles for determining whether a particular assault conviction constitutes a crime involving moral turpitude.

With regard to statutes prohibiting assault, the BIA has observed that "[a]ssault may or may not involve moral turpitude," and that the inquiry "involves an assessment of both the state of mind and the level of harm required to complete the offense." Matter of Solon, 24 I. & N. Dec. 239, 241-42 (BIA 2007) ("[A]s the level

of conscious behavior decreases, i.e., from intentional to reckless conduct, more serious resulting harm is required in order to find that the crime involves moral turpitude."). "Offenses characterized as 'simple assaults' are generally not considered to be crimes involving moral turpitude . . . because they require general intent only and may be committed without the evil intent, depraved or vicious motive, or corrupt mind associated with moral turpitude." Id. at 241 (citation omitted). However, the BIA has recognized that assault offenses "may appropriately be classified as crimes of moral turpitude if they necessarily involve[] aggravating factors that significantly increase[] their culpability," such as the use of a deadly weapon, the intentional infliction of serious bodily injury, or the intentional or knowing infliction of tangible bodily harm upon a member of a protected class. Matter of Sanudo, 23 I. & N. Dec. 968, 971-72 (BIA 2006).

### C.

Ortiz stands convicted of obstruction of legal process under Minn. Stat. Ann. § 609.50. Subdivision 1 of that statute sets forth alternative means by which an individual may commit the offense. It provides, in relevant part:

> Subdivision 1. Crime. Whoever intentionally does any of the following may be sentenced as provided in subdivision 2:
>
> (1) obstructs, hinders, or prevents the lawful execution of any legal process, civil or criminal, or apprehension of another on a charge or conviction of a criminal offense; [or]
>
> (2) obstructs, resists, or interferes with a peace officer while the officer is engaged in the performance of official duties[.]

Minn. Stat. Ann. § 609.50, subdiv. 1(1)-(2). The record does not indicate which clause of subdivision 1 served as the basis for Ortiz's conviction.[1] Subdivision 2 lists the penalties for committing the offense of obstruction of legal process, as defined in subdivision 1. Ortiz was sentenced under the statute's gross-misdemeanor penalty provision, subdivision 2(2), which provides:

> Subdivision 2. Penalty. A person convicted of violating subdivision 1 may be sentenced as follows:
>      . . .
>      (2) if the act was accompanied by force or violence or the threat thereof and is not otherwise covered by clause (1), to imprisonment for not more than one year or to payment of a fine of not more than $3,000, or both[.]

Minn. Stat. Ann. § 609.50, subdiv. 2(2).

We begin by addressing the statute's state-of-mind requirement. While subdivision 1 requires that a defendant "intentionally do[]" any of the acts described therein, the Minnesota Court of Appeals has explained that Minn. Stat. Ann. § 609.50 is a general-intent crime. State v. Serrano, No. A14-0887, 2015 WL 2456982, at *2 (Minn. Ct. App. May 26, 2015) (citing State v. Fleck, 810 N.W.2d 303, 308 (Minn. 2012)); State v. Dodds, No. A08-0261, 2009 WL 1046356, at *5 (Minn. Ct. App. Apr. 21, 2009) ("Obstructing legal process is a general-intent crime because the only intent required is the intent to do the very act which is prohibited—acting in a manner that obstructs, resists, or interferes with a peace officer while the officer is engaged in the performance of official duties."). As discussed, BIA case law establishes that

---

[1]The Minnesota Supreme Court has recognized that the alternative means set forth in Minn. Stat. Ann. § 609.50, subdiv. 1 "are not inherently different types of conduct." State v. Ihle, 640 N.W.2d 910, 919 (Minn. 2002). Therefore, a jury is not required to unanimously decide which of these alternative means a defendant employed in order to find that defendant guilty of obstructing legal process. Id.

an offense that requires general intent only is not considered to be a crime involving moral turpitude.[2]  Solon, 24 I. & N. Dec. at 241.

Further, the plain language of the gross-misdemeanor penalty provision, Minn. Stat. Ann. § 609.50, subdiv. 2(2), imposes no mens rea requirement.  See State v. Burr, No. A11-2202, 2012 WL 4774517, at *3 (Minn. Ct. App. Oct. 9, 2012) (finding that the plain language of Minn. Stat. Ann. § 609.50, subdiv. 2(2) does not include an intent element).  Rather, to invoke the enhanced penalty under subdivision 2(2), the government is required to prove *only* that the act constituting the offense, as defined in subdivision 1, "was accompanied by force or violence or the threat thereof[.]"  Minn. Stat. Ann. § 609.50, subdiv. 2(2); cf. Minn. Stat. Ann. § 609.50, subdiv. 2(1)(i) (providing that the offense of obstruction of legal process may be sentenced as a felony if the government proves that "the person *knew or had reason to know* that the act created a risk of death, substantial bodily harm, or serious property damage" (emphasis added)).  Further, because subdivision 2(2) is a penalty provision, rather than a "statutory element[] that criminalize[s] otherwise innocent conduct," the presumption in favor of a scienter requirement does not apply.  United States v. X-Citement Video, Inc., 513 U.S. 64, 72 (1994).

Thus, there is a realistic probability that Minnesota would apply its obstruction of legal process statute to cases that lacked the requisite degree of scienter necessary to constitute a crime involving moral turpitude.

---

[2]In both Serrano, 2015 WL 2456982, at *2 n.2, and Dodds, 2009 WL 1046356, at *5, the Minnesota Court of Appeals declined to follow its earlier, unpublished decision in State v. Bjork, in which it had stated in dicta that the offense of obstruction of legal process is a specific-intent crime.  No. A06-809, 2007 WL 2363834, at *3 (Minn. Ct. App. Aug. 21, 2007).  But even assuming, arguendo, that the offense is a specific-intent crime, the minimum level of harm required to complete the offense is also insufficient to constitute a categorical crime involving moral turpitude, as discussed in more detail below.

Additionally, the level of harm required to complete the offense is also insufficient to constitute a crime involving moral turpitude. First, the conduct described in subdivision 1—obstruction of legal process—is not inherently base, vile, or depraved. See Bobadilla v. Holder, 679 F.3d 1052, 1058 (8th Cir. 2012) ("We reject the notion, all too prevalent in government circles, that every person who intentionally makes a government official's task more difficult is guilty of 'inherently base, vile or depraved' conduct."). Second, the minimum level of "force or violence" required under subdivision 2(2) is insufficient to constitute an aggravating factor. See Sanudo, 23 I. & N. Dec. at 971-72 (noting that sufficient aggravating factors in the context of assault include use of a deadly weapon, "*intentional* infliction of *serious* bodily injury," and intentional or knowing infliction of tangible bodily harm upon a member of a protected class (emphasis added)). Indeed, the Minnesota Court of Appeals has upheld a conviction under Minn. Stat. Ann. § 609.50, subdiv. 2(2) where the "force or violence" accompanying the obstruction was that the defendant merely assumed the fetal position and placed his arms under his body, and then used that position to physically resist being handcuffed by arresting officers. State v. Conlin, No. A14-0069, 2014 WL 7011171, at *4 (Minn. Ct. App. Dec. 15, 2014). Accordingly, Conlin indicates that the requisite "force or violence" under subdivision 2(2) need not result in any harm or injury whatsoever. The BIA's case law makes clear that, in the context of assault, there must be some "meaningful level of harm"—i.e., more than "de minimus conduct or harm, such as offensive or provocative physical contact or insults"—for an offense to constitute a crime involving moral turpitude. See Solon, 24 I. & N. Dec. at 241. Thus, the minimum conduct necessary to sustain a conviction under Minn. Stat. Ann. § 609.50, subdiv. 2(2) does not necessarily involve moral turpitude.

Accordingly, we conclude that the BIA erred in finding that a conviction under Minn. Stat. Ann. § 609.50, subdiv. 2(2) is categorically a crime involving moral turpitude.

III.

For the foregoing reasons, we hold a conviction under Minn. Stat. Ann. § 609.50, subdiv. 2(2) is not categorically a crime involving moral turpitude under 8 U.S.C. § 1227(a)(2)(A)(i). We, therefore, grant Ortiz's petition for review and vacate the order of removal.

———————————————