**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RLUTH LUTHER, | No. 11-71456 |
| Petitioner, | Agency No. A089-246-387 |
| v. | |
| ERIC H. HOLDER, JR., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 9, 2014[**]
Honolulu, Hawaii

Before:    TASHIMA, RAWLINSON, and CLIFTON, Circuit Judges.

Rluth Luther, a native and citizen of Tonga and a citizen of the Federated

States of Micronesia, petitions for review of the Board of Immigration Appeals's

("BIA") decision affirming the Immigration Judge's order removing Luther to the

Federated States of Micronesia.  Luther disputes the BIA's conclusion that he was

_____

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously finds this case suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2)(C).

convicted of a crime involving moral turpitude ("CIMT") under 8 U.S.C. § 1227(a)(2)(A)(i). This Court has jurisdiction to review the BIA's conclusion that Luther's conviction is a CIMT. *See* 8 U.S.C. § 1252(a)(2)(D) (providing for judicial review of legal questions raised by individuals found removable based on criminal activity); *see also Marmolejo-Campos v. Holder*, 558 F.3d 903, 907 (9th Cir. 2009) (en banc).

The BIA correctly determined that Luther's crime of conviction was a CIMT. Luther pleaded guilty to violating Hawaii Revised Statute § 707-711(1)(d), which provides that "[a] person commits the offense of assault in the second degree if . . . [t]he person intentionally or knowingly causes bodily injury to another with a dangerous instrument." Although simple assaults are not CIMTs, "[s]ome assault statutes . . . have been held to be CIMTs." *Uppal v. Holder*, 605 F.3d 712, 716-17 (9th Cir. 2010). Those statutes include "as an element 'some aggravating dimension,'" such as the use of a deadly weapon or the presence of a special relationship between the victim and the perpetrator. *Id.* at 717. Morever, the statute usually must require that the defendant acted with the "intent to harm." *Nunez v. Holder*, 594 F.3d 1124, 1131 n.4 (9th Cir. 2010). Finally, the statute must require that the defendant inflicted a meaningful level of harm, which must be more than mere offensive touching. *Galeana-Mendoza v. Gonzales*, 465 F.3d

2

1054, 1060-61 (9th Cir. 2006).

Luther's crime of conviction contains each of the necessary elements to transform his crime of conviction into a CIMT. Section 707-711(1)(d) includes an "aggravating dimension," the use of a "dangerous instrument." Moreover, to be found guilty of a § 707-711(1)(d) violation, a defendant must act with the intent to cause bodily harm (or with knowledge that such a result is practically certain to occur). *See State v. Kalama*, 8 P.3d 1224, 1229 (Haw. 2000) (holding that, under Hawaii law, the state of mind set forth in a criminal statute "applies to all elements of the offense, unless otherwise specified in the statute defining the offense"). Finally, to be found guilty under § 700-711(1)(d), the defendant must have inflicted some "bodily injury," defined as "physical pain, illness, or any impairment of physical condition." Haw. Rev. Stat. § 707-700.

Accordingly, the petition for review is **DENIED.**