**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 28 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KANISTO ELIAS OTTO,<br><br>Petitioner,<br><br>v.<br><br>WILLIAM P. BARR, Attorney General,<br><br>Respondent. | No.   16-73272<br><br>Agency No. A200-864-991<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 23, 2019**
University of Hawaii at Manoa

Before:  GRABER, M. SMITH, and WATFORD, Circuit Judges.

Kanisto Elias Otto petitions for review of the Board of Immigration

Appeals' (BIA) decision affirming the immigration judge's order removing Otto to

the Federated States of Micronesia, based on Otto's commission of a crime

involving moral turpitude (CIMT).  *See* 8 U.S.C. § 1227(a)(2)(A)(i).  Because

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Otto's conviction for attempted second-degree assault is categorically a CIMT, we deny the petition for review. *See* Haw. Rev. Stat. §§ 705-500, 707-711(1)(d); *see also Luther v. Holder*, 585 F. App'x 644 (9th Cir. 2014) (unpublished) (holding that Hawaii Revised Statutes § 707-711(1)(d) is a CIMT).

The determination whether a conviction is categorically a CIMT involves two steps. The first step is to identify the elements of the statute of conviction. The second step is to compare the elements of the statute of conviction to the generic definition of a CIMT. *Uppal v. Holder*, 605 F.3d 712, 714 (9th Cir. 2010). In determining whether a conviction for an inchoate offense like attempt constitutes a CIMT, we look to the elements of the underlying crime. *See Barragan-Lopez v. Mukasey*, 508 F.3d 899, 903 (9th Cir. 2007).

Under Hawaii Revised Statutes § 707-711(1)(d), second-degree assault is committed by "intentionally or knowingly caus[ing] bodily injury to another with a dangerous instrument." "Bodily injury" is defined as "physical pain, illness, or any impairment of physical condition." Haw. Rev. Stat. § 707-700. And a "dangerous instrument" is defined as "any firearm, whether loaded or not, and whether operable or not, or other weapon, device, instrument, material, or substance, whether animate or inanimate, which in the manner it is used or is intended to be used is known to be capable of producing death or serious bodily injury." *Id*. Because the "state of mind with which the defendant acts applies to all elements of

the offense, unless otherwise specified in the statute defining the offense," *State v. Kalama*, 8 P.3d 1224, 1229 (Haw. 2000), the least culpable way of committing second-degree assault is knowingly.

Determining whether an assault is a CIMT requires assessing the state of mind and resulting harm in tandem. "[A]s the level of conscious behavior decreases, i.e., from intentional to reckless conduct, more serious resulting harm is required in order to find that the crime involves moral turpitude." *In re Solon*, 24 I. & N. Dec. 239, 242 (B.I.A. 2007); *see also Ceron v. Holder*, 747 F.3d 773, 782–83 (9th Cir. 2014) (en banc). Moreover, as the level of conscious behavior decreases, usually there must be some "aggravating factor," such as the use of a deadly weapon, to transform an assault into a CIMT. *Ceron*, 747 F.3d at 783; *Uppal*, 605 F.3d at 717; *In re Medina*, 15 I. & N. Dec. 611, 612 (B.I.A. 1976). Finally, a defendant must generally act with the "intent to harm," *Nunez v. Holder*, 594 F.3d 1124, 1131 n.4 (9th Cir. 2010), which must be more than merely offensively touching, *see Galeana-Mendoza v. Gonzales*, 465 F.3d 1054, 1060–61 (9th Cir. 2006).

The BIA correctly determined that Otto's crime of conviction is a CIMT. First, Otto must have acted with the intent or knowledge that his actions would cause actual bodily injury. Haw. Rev. Stat. § 707-711(1)(d). Second, Otto must have used a "dangerous instrument," which is defined to include objects "capable

of producing death or serious bodily injury." *Id.* §§ 707-700, 707-711(1)(d). The use of an object "capable of producing death or serious bodily injury" with an intentional or knowing state of mind meets the test described above for a CIMT. *See also Medina*, 15 I. & N. Dec. at 614 (holding that an assault involving the use of a deadly weapon with a reckless state of mind constitutes a CIMT).

**PETITION FOR REVIEW DENIED.**